DIAMOND COAL CO. *v.* GEORGE JACKSON.*

(*Knoxville.* September Term, 1927.)

.Opinion filed, November 21, 1927.

1. WORKMEN'S COMPENSATION. FINDING OF FACTS. AP-
   PEAL.

   The finding of facts by the trial court as to the extent of the
   injury when supported by some evidence is binding upon this
   court. (Post, p. 181.)

2. WORKMEN'S COMPENSATION. PARTIAL DISABILITY.
   HEARING. LEGISLATIVE INTENT.

   Under the schedule of partial disabilities contained in our Work-
   men's Compensation statute only the arms, hands, legs, fingers,
   and eyes are dealt with, but in view of the stipulated compensa-
   tion for complete permanent loss of hearing in both ears the
   legislature clearly intended to consider the organs of hearing as
   a unit and compensation was designed to be awarded for the loss
   of the power of sense of hearing rather than for an injury to the
   physical structure of the ear. (Post, p. 181.)

   Citing: Sec. 28, chapter 123, Acts of 1919.

3. WORKMEN'S COMPENSATION. CONSTRUCTION. LEGIS-
   LATIVE INTENT.

   It was the legislative intent that a permanent partial loss of the
   power or sense of hearing should be compensated according to
   the rule prescribed therein in the proportion that the extent of the
   injury bears to the total loss of the member. (Post, p. 183.)

   Citing: Sec. 28, chapter 123, Acts of 1919.

4. WORKMEN'S COMPENSATION. CONSTRUCTION. MEMBER.

   The word "member" as used in the Workmen's Compensation Stat-

---

*As to right and· extent of review of findings of Industrial com-
mission, see annotation in L. R. A. 1916A, 178, 266; L. R. A. 1917D,
189; 28 R. C. L. 828; 3 R. C. L. Supp. 1600; 4 R. C. L. Supp. 1872; 5
R. C. L. Supp. 1580.

ute includes all of the several parts enumerated in the schedule of disabilities. (Post, p. 183.)

Citing: Acts of 1919, sec. 28, ch. 123.

5. WORKMEN'S COMPENSATION. EXTENT OF INJURY. HEARING. EVIDENCE. ERROR. APPEAL.

Where an objection was offered to the testimony and overruled, but the ruling of the Trial Judge was not assigned as error, the question cannot be raised in this court. (Post, p. 183.)

6. WORKMEN'S COMPENSATION. EXTENT OF DISABILITY. EVIDENCE. QUESTION OF FACT.

The extent of the disability resulting from an injury is ordinarily a question of fact. (Post, p. 183.)

---

*Headnotes 1. Workmen's Compensation Acts, C. J., section 144; 2. Workman's Compensation Acts, C. J., section 85 (Anno); 3. Workmen's Compensation Acts, C. J., section 34; 4. Workmen's Compensation Acts, C. J., section 140 (Anno); 5. Workmen's Compensation Acts, C. J., section 139.

---

## FROM MORGAN.

---

Appeal from the Circuit Court of Morgan County.— Hon. W. H. Buttram, Judge.

Anderson & Word, for plaintiff in error.

W. Y. Boswell, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

George Jackson received an injury to one of his ears, while serving as an employee of the Diamond Coal Company, and brought this suit against the coal company for compensation under the provisions of the Workmen's Compensation Law.

The trial judge found from the evidence that the injury resulted in the total loss of hearing in the injured ear. The trial judge further found that the loss of the

use of one ear amounted to a fifty per cent loss of the power of hearing, and fixed the amount of compensation awarded Jackson at one-half the amount specified in the statute as the compensation for a total loss of hearing in both ears.

(1) The finding of fact as to the extent of the injury is supported by some evidence, and is, therefore, binding upon this court. While a physician, who examined Jackson, testified, as a witness for the coal company, that he did not think Jackson suffered any injury, Jackson offered several witnesses who corroborated his statement that he had sustained an injury in his ear, and he himself testified that he was not able to hear anything through the injured ear.

The principal contention made by the coal company, as the appellant in this court, is that the statute fixes no scheduled compensation for the loss of hearing in one ear, and that compensation for such a loss can only be awarded upon a finding that the injury has resulted in a loss of earning power, computed according to the plan set out in subsection b of section 28 of the statute (Acts 1919, chapter 123).

(2) Subsection c of section 28 of the statute provides that for a permanent partial disability, the compensation shall be based upon the extent of the disability, and that for cases included in the schedule set out, the compensation shall be that named in the schedule. The schedule contains the following:

"For the complete permanent loss of hearing in both ears, fifty per centum of average weekly wages during one hundred and fifty (150) weeks."

Following the schedule, the statute contains the following:

"In cases of permanent partial disability due to injury to a member resulting in less than total loss of use of such member not otherwise compensated in this sched-

ule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss or total loss of use of the respective member, which the extent of injury to the member bears to its total loss.''

In the case of *Travelers Insurance Co.* v. *Albin*, 127 S. E. Rep., 804, the Court of Appeals of Georgia had under consideration the application of similar provisions of the Georgia compensation statute to the same state of facts as found in this case. That court held that the loss of hearing in one ear could not be considered as a loss or partial loss of the use of a member, giving to the word ''member'' a dictionary definition limiting it to the extremities, and holding that an ear could not be considered as a member. We have been able to find no other case dealing with statutory provisions similar to ours, as applied to the facts here under consideration; and we are not able to follow the reasoning in the case cited.

The schedule of partial disabilities contained in section 28 of the statute deals with injuries to arms, hands, legs, fingers and eyes, in addition to the provision with respect to the loss of hearing hereinabove quoted. It has not heretofore been contended in a number of cases presented to this court dealing with injuries to the eye, that the eye was not to be considered as a ''member,'' for the purpose of determining the compensation to be awarded for an injury to the eye resulting in less than total loss of use.

The stipulated compensation for an injury to the ear is to be awarded when the injury results in ''the complete permanent loss of hearing in both ears.'' This language indicates to us that the Legislature considered the organs of hearing as a unit, dealing with them as it dealt in other paragraphs of the schedule with more tangible members or parts of the body, such as a finger, a hand, an arm, or a leg. The compensation designated is to be awarded for the loss of use of the power or

sense of hearing, rather than for an injury to the physical structure of the ear. The effect of the injury on the sense of hearing is the test or measure of the compensation to be awarded.

(3) The rule of liberal construction heretofore followed by this court in many cases dealing with the Workmen's Compensation Statute, forbids us from giving to a word used in the statute a restricted or literal meaning which would defeat the legislative intent; and we think the Legislative intent clearly appears, that a permanent partial loss of the power or sense of hearing should be compensated according to the rule prescribed in the paragraph hereinabove quoted, in the proportion that the extent of the injury bears to the total loss of the member. (4) We hold that the word "member" includes all of the several parts of the body enumerated in the schedule of disabilities, in section 28 of the statute.

(5) It is further contended for the coal company that no evidence was offered on the trial to establish the extent of the loss of hearing which resulted from the loss of the use of a single ear.

The only evidence directly bearing upon this question, which we find in the record, is the testimony of Jackson himself, to the effect that his injury had affected his hearing "about fifty per cent." Some objection was offered to the questions which drew this answer from the witness, but the objections were overruled and the ruling of the trial judge has not been assigned for error.

(6) The extent of the disability resulting from an injury is ordinarily a question of fact, and the testimony of the witness just referred to, in connection with the finding that there was a total loss of use of one ear, amounts to some evidence in support of the finding of the trial court.

Finding no reversible error on the record, we direct that the judgment of the trial court be affirmed.