WRIGHT *et al. v.* ARMSTRONG *et al.*

(*Nashville,* December Term, 1941.)

Opinion filed June 27, 1942.

Shepherd, Owen & Heiskell, of Memphis, for appellants, Insurance Company.

Ben W. Kohn, of Memphis, Guardian *Ad Litem* for Richard Armstrong, appellant.

George P. Douglass, of Memphis, Ivy & Nailling, of Osceola, Ark., and Henry Dunivant, of Memphis, for appellees.

Henry Dunivant, of Memphis, guardian *ad litem.*

Mr. Special Justice J. Roy Hickerson delivered the opinion of the Court.

Melvina Armstrong was awarded compensation under the Workmen's Compensation Act of Tennessee, Code 1932, sec. 6851 et seq., against W. F. Wright, J. H. Lopez and Standard Accident Insurance Company by the Chancery Court of Shelby County as the dependent widow

of Arthur Armstrong, who was killed in March, 1941, while working for appellants, W. F. Wright and J. H. Lopez. The compensation awarded was decreed to be for the joint use and benefit of Melvina Armstrong and her infant child, Richard Armstrong.

W. F. Wright, J. H. Lopez and Standard Accident Insurance Company defended the suit of Melvina Armstrong on the ground that she was voluntarily living apart from her husband at the time of the injury which caused his death.

Only two questions are presented for the determination of this Court: First, was there any material evidence to support the finding of the trial court that Melvina Armstrong was not living apart from her husband at the time of his injury? And, Second, if Melvina Armstrong is not awarded compensation, what amount should be awarded Richard Armstrong, who is conceded to be the dependent son of Arthur Armstrong and entitled to compensation in some amount?

█ In an action under the Workmen's Compensation Act of Tennessee, the finding of facts of the trial court will not be disturbed on appeal where the evidence is conflicting. *Diamond Coal Company* v. *Jackson,* 156 Tenn., 179, 299 S. W., 802.

Code, Section 6883, as amended by Pub. Acts 1941, chap. 90, sec. 8, provides:

"Who are dependents, wholly and partial.—For the purposes of this chapter, the following described persons shall be conclusively presumed to be wholly dependent:

"(1) A wife, unless it be shown that she was voluntarily living apart from her husband at the time of his injury, and minor children under the age of sixteen years."

■ The following facts are established, with no evidence to the contrary: Arthur Armstrong and Melvina Armstrong were married prior to June 2, 1928. They were colored people and worked as tenant farmers in Mississippi County, Arkansas. During the latter part of December, 1929, Arthur Armstrong told his wife he was going to move to another farm a few miles away. She went to visit her brother and when she returned her husband had already moved. No particular effort was made by either party to get back together. They never lived together after she returned from the visit to her brother although they saw each other frequently. Arthur Armstrong supported, to some extent, a son which had been born to them —Richard Armstrong, but he never contributed anything to the support of his wife from the time they separated in 1929 until his death in 1941.

In 1935 Melvina Armstrong entered into a bigamous marriage with Frank Gray and continued to live with him until the death of her husband and until the trial of this case. When she contracted this second marriage she knew she was not divorced from Arthur Armstrong. She stated that she married this second man "because I needed somebody to kind of help me support myself. I just got tired of working." Frank Gray supported her after he married her until the trial of this case.

Arthur Armstrong had also lived with another negro woman in Memphis, Tennessee, for several months prior to his death.

Now, under these uncontroverted facts was petitioner voluntarily living apart from her husband at the time of his death? We think she was. There is some conflict about the cause of the separation of this couple in 1929, but the fact is uncontroverted that she wilfully entered into the bigamous marriage with Frank Gray in 1935,

lived with and was supported by him until the death of her husband and was still living with him at the time of the trial of this case and during all that time she made no effort to return to Arthur Armstrong. Regardless of the cause of her separation from Arthur Armstrong she was certainly living apart from him voluntarily ''at the time of his injury'' and there is no evidence to the contrary. Melvina Armstrong cannot recover for herself.

Since Melvina Armstrong cannot recover as a dependent widow, Richard Armstrong will be awarded compensation as the sole dependent of his deceased father. He does not live with his mother, but with his greataunt, Carrie Campbell. He is a dependent orphan of his deceased father and will be awarded compensation accordingly. *Pruden Coal and Coke Company* v. *Sybil Johnson et al.*, 167 Tenn., 358, 53 S. W. (2d), 384.

A child is properly described as a dependent orphan under Code Section 6883 (11) without having lost by death more than one of his parents. *Portin* v. *Portin*, 149 Tenn., 530, 261 S. W., 362.

The amount of compensation to which Richard Armstrong is entitled is governed by Code Sections 6883 (1), (2), (11), (17) and (18). These Code Sections provide:

''Who are dependents, wholly and partial.—For the purposes of this chapter, the following described persons shall be conclusively presumed to be wholly dependent:

''(1) A wife, unless it be shown that she was voluntarily living apart from her husband at the time of his injury, and minor children under the age of sixteen years.

''(2) Children between sixteen and eighteen years of age, or those over eighteen, if physically or mentally incapacitated from earning, shall prima facie, be considered dependent.

.    .    .    .    .

"(11) Dependent orphans.—If the deceased employee leave a dependent orphan, there shall be paid thirty per centum of the monthly wages of deceased with ten per centum additional for each additional orphan, with a maximum of sixty per centum of such wages.

．　．　．　．　．

"(17) Compensation in case of death.—The compensation payable in case of death to persons wholly dependent shall be subject to a maximum compensation of eighteen dollars per week and a minimum of seven dollars per week, provided, that if at the time of the injury the employee receives wages of less than seven dollars per week, the compensation shall be the full amount of such wages per week. The compensation payable to partial dependents shall be subject to a maximum of eighteen dollars per week, and a minimum of seven dollars per week; provided, that if the income loss of said partial dependents by such death is less than seven dollars per week, then the dependents shall receive the full amount of their income loss. This compensation shall be paid during dependency not exceeding four hundred weeks, payments to be made at the intervals when the wage was payable as nearly as may be.

"(18) Orphans and other children.—In computing and paying compensation to orphans or other children, in all cases, only those under eighteen years of age, or those over eighteen years of age who are physically or mentally incapacitated from earning, shall be included, the former to receive compensation only during the time they are under eighteen, the latter only for the time they are so incapacitated, within the period of four hundred weeks.''

▮ The average weekly wages of Arthur Armstrong were $6.69. Richard Armstrong was about thirteen years

old at the time of the death of his father. He is conclusively presumed to be wholly dependent upon his father until he is sixteen years old; *prima facie* presumed to be wholly dependent upon his father until he is eighteen years old; and *prima facie* presumed to be wholly dependent upon his father after he is eighteen years old "if physically or mentally incapacitated from earning."

The petition of Melvina Armstrong in her own behalf is dismissed. Richard Armstrong, who sues by and through Melvina Armstrong as his mother and natural guardian, is awarded $6.69 a week until he is eighteen years old, which will be June 2, 1946. The cause will be remanded to the Chancery Court of Shelby County and retained on the Docket so W. F. Wright, J. H. Lopez and Standard Accident Insurance Company may have an opportunity to file a petition in the case after Richard Armstrong becomes sixteen years old and show that he is no longer a dependent of his deceased father and so Richard Armstrong may have an opportunity to file a petition in the cause after he becomes eighteen years old and show that he is still a dependent of his deceased father because he is physically or mentally incapacitated from earning.

The decree of the Chancery Court as modified herein is affirmed. The costs of the appeal will be equally divided between petitioner, Melvina Armstrong, and defendants, W. F. Wright, J. H. Lopez, and Standard Accident Insurance Company.