GREENER *v.* E. I. DU PONT DE NEMOURS & CO.

(*Nashville,* December Term, 1949.)

Opinion filed March 17, 1950.

Louis Farrell, Jr., and Jack Norman, both of Nashville, for plaintiff in error.

Charles L. Cornelius, of Nashville, Abel Klaw, of Wilmington, Del., for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a suit to recover benefits under the Workmen's Compensation Law, Williams' Code, Section 6851 et seq., as amended by Chapter 139, Public Acts of 1947.

This case was reversed and remanded on appeal to

this Court at the December term 1948, and is reported in 188 Tenn. 303, 219 S. W. 2d 185, where it was held that the allegations of the petition were sufficient to take the case to proof, and that the trial court erroneously sustained the demurrer. Following the remand, defendant filed its answer to the petition, and after proof was taken, the case was tried on its merits.

When petitioner closed his case, consisting of the deposition of his physican, Dr. R. B. Burrus, petitioner's testimony, and the testimony of Dr. Z. C. Gammel, called as a witness by petitioner, defendant moved the court to dismiss the petition for the reason that petitioner's proof, taken in its most favorable light, failed to entitle him to benefits under the Workmen's Compensation Law, as amended. The trial court sustained this motion and an order was entered dismissing the petition at petitioner's cost.

Section 1 of Chapter 139, Public Acts of 1947, amending Code, Section 6852, contains the following provisions:

"An occupational disease which an employee has on the effective date of this amendatory Act shall not be covered hereunder. An employee has an occupational disease within the meaning of this law if the disease or condition has developed to such an extent that it can be diagnosed as an occupational disease. In every suit for compensation benefits, the burden shall be on the employee to prove that he did not have, as of the effective date of this amendatory Act, the occupational disease for which he is seeking compensation.

"When the employer and employee are subject to the provisions of the Workmen's Compensation Act, the partial or total incapacity for work or the death of an employee resulting from an occupational disease as herein

listed and defined shall be treated as the happening of an injury by accident or death by accident, and the employee, or in case of his death his dependents, shall be entitled to compensation as provided in this Act.''

Chapter 139, Public Acts of 1947, became effective March 12, 1947.

█ In order to recover benefits under the amendatory Act it was necessary for petitioner to prove: (1) that on March 12, 1948, he did not have the occupational disease for which he was seeking compensation; (2) the date his partial or total incapacity for work occurred; and (3) that the occupational disease arose out of and in the course of his employment by defendant.

In his deposition Dr. Burrus testified, in part, as follows:

''Q. When was the first time that you recall that you diagnosed his (Mr. Greener's) complaint as lead poisoning? A. November, 1945, would be about as near as I could come at it.

''Q. November, 1945? A. Yes, sir.

''By Mr. Farrell:

''Q. Did you say 'after' or 'in' November? A. I say about that time. I came back in October, 1945. I got out of the Army in October sometime, 1945.

''By Mr. Cornelius:

''Q. You of course disclosed to Mr. Greener that that was your diagnosis and advised him not to work in lead? A. Yes, sir, I advised him and I talked to Dr. Gammel about him I think at that time, if I remember right. At least some of the time. I talked to Dr. Gammel and discussed the case with him.

\*　\*　\*　\*　\*

''Q. So that you did find that Mr. Greener had lead

poisoning on March 15, 1947? A. That was my opinion, yes, sir.

"Q. And you have told me that lead poisoning is something that comes on gradually? A. That is my opinion.

"Q. So that if he had it on March 15, 1947, it is your opinion that he had it sometime prior to that time, because it does come on gradually? A. My opinion, sir, was that the onset of the lead poisoning was 1945, the first time I saw him?

"Q. And he never has recovered? A. I don't think the man has ever recovered from the effects of it, no, sir."

Dr. Gammel testified that during the whole period from August 1945, when petitioner first began to complain of symptoms which he thought indicated he was suffering from lead poisoning, up until his discharge in May 1947, defendant was making every effort to ascertain the cause of his complaints and secured the opinions of the best outside doctors available. He also testified that he was constantly in consultation with petitioner's private physician, Dr. Burrus, and together they determined the times when petitioner should be removed from leadwork and when he had sufficiently recovered to be returned to such work.

 So, we find material evidence to support the judgment of the court below. Where this is true, we have repeatedly held in compensation cases that we do not look to the preponderance of the evidence, but examine the record to see if there is material evidence to support the findings of the trial judge. *McBrayer* v. *Dixie Mercerizing Co.*, 178 Tenn. 135, 156 S. W. 2d 408; *Wright* v. *Armstrong*, 179 Tenn. 134, 163 S. W. 2d 78;

*Tipton* v. *North American Rayon Corp.*, 181 Tenn. 434, 181 S. W. 2d 619; *Davis* v. *Wabash Screen Door Co.*, 185 Tenn. 169, 204 S. W. 2d 87.

Petitioner insists that defendant's physicians did not disclose to him that he was suffering from lead poisoning, and that defendant is now estopped to deny liability on the ground that he was suffering with this disease before the effective date of the amendatory Act, March 12, 1947.

Conceding that the doctrine of estoppel might apply in a case of this kind, it is not shown that any of these claimed failures of defendant's physicians to disclose petitioner's disease prejudiced his claim. As before stated, petitioner's own physician treated him regularly long before the effective date of the amendatory Act and revealed to him the information that he was suffering from lead poisoning.

We have considered all assignments of error and find them without merit. The judgment of the lower court is, therefore, affirmed.

All concur.