LEDFORD v. MILLER BROS. CO., INC.

*(Knoxville,* September Term, 1952.)

Opinion filed December 5, 1952.

468

EDWARD E. DAVIS (of DAVIS & DAVIS), of Chattanooga, for plaintiff in error.

GOINS & GAMMON and L. D. MILLER, JR., all of Chattanooga, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This is a workmen's compensation case. While Mrs. Ledford was performing her duties as a waitress for employer, she fell with some force to the floor, thereby injuring her left knee. Since then she has been unable to do any work which involves a substantial amount of walking or standing on her feet. Her left leg is permanently disabled to the extent of 25% to 30%. X-ray pictures of her left knee disclosed an abnormal and diseased condition which existed prior to the above-mentioned fall. The Trial Judge allowed a recovery for only four weeks,

the period of temporary disability undoubtedly caused by her fall, and credited this with two weeks compensation paid. He concluded that beyond that period the disabilities from which she is suffering are not a result of the injuries received in the accident but were caused entirely by the pre-existing disease.

Dr. Francis, a physician at Chattanooga, was one of the physicians who treated Mrs. Ledford for the injury received in this fall. He was called by her as a witness, and was asked, among other matters, whether the fall would, in his opinion, aggravate the pre-existing condition disclosed by the x-rays. He replied "I think it would". On motion of Miller Brothers, defendant-in-error here, this evidence was excluded on the ground that "there is no allegation in the petition of any aggravation, they allege the accident caused that". One of Mrs. Ledford's assignments of error is that it was prejudicial error to exclude that testimony.

The petition alleged that by reason of this fall her leg was severely injured to the extent of total permanent disability. The Trial Judge thought that such an allegation was not sufficient to let in proof by an expert to the effect that such a fall could aggravate the pre-existing disease of the knee.

■■ The provisions of our Workmen's Compensation Act, Code, Sec. 6851 et seq., are rather meager as to pleadings required. The consistent policy of the Court has been to get away from technical proceedings in such a case and to view the matter liberally from the standpoint of the employee. Nevertheless, it is a fact that the pleadings must be sufficient to advise the employer of the nature of the claim so that he may be prepared to

meet it. *Phillips* v. *Diamond Coal Mining Co.*, 175 Tenn. 191, 195, 133 S. W. (2d) 476.

If a blow inflicted upon the leg injures that leg by aggravating a pre-existing disease it is no less an injury received from the blow, within the meaning of the Workmen's Compensation Act, than it would have been if there had been no pre-existing disease. *Johnson* v. *Anderson*, 188 Tenn. 194, 200, 217 S. W. (2d) 939. Since an employer must be presumed to know that rule of law, it seems logical to conclude that an allegation of injury to the leg by reason of a specified accident is sufficiently broad to let in proof that the accident aggravated a pre-existing injury of that leg. If this be sound logic, the allegations of the present petition were sufficient to give the employer notice that such proof might be offered.

The Second Edition of Schneider's Workmen's Compensation Law, Section 551, in discussing the pleadings required in Workmen's Compensation Cases, quotes from the Kansas case of *Blackburn* v. *Coffeyville Vitrified Brick & Tile Co.*, 107 Kan. 722, 193 P. 351, 353. That Kansas case, in dealing with the identical question now being discussed, said this:

" 'We find nothing substantial in the complaint that defendant was prejudiced because the petition charged generally that the incapacity resulted from the injury and because the petition made no claim that the injury aggravated a pre-existing disease. In the ordinary compensation case the issues are intended to be simple, and, except for certain facts which the statute makes essential, the pleadings are of little importance. Where the petition charges incapacity resulting from an accident, the employer

may not unreasonably be expected to meet evidence showing that as a result of the accident a disease from which the plaintiff already suffered was aggravated, causing partial or total incapacity for work.' ''

Considering that this is a workmen's compensation case, we think, both on principle and on persuasive authority, that the learned trial judge exacted too technical and strict a requirement as to pleadings in excluding the aforementioned testimony of Dr. Francis.

In *Sanders* v. *Blue Ridge Glass Corporation,* 161 Tenn. 535, 541, 33 S. W. (2d) 84, it was held that an expert's opinion to the effect that a certain cause could or might aggravate a pre-existing abnormal condition is competent evidence. We know of no authority to the contrary. The aforementioned testimony of Dr. Francis was, therefore, competent, and should have been considered. Since the Trial Judge excluded that testimony it follows that he did not consider it in concluding that Mrs. Ledford's present disabilities were not caused by the injuries sustained from the fall in the restaurant. We cannot speculate as to what the Trial Judge would have concluded had he given this evidence consideration.

In view of Code Section 10654 it now becomes necessary to ascertain whether the erroneous failure of the Trial Judge to give any consideration to this expert testimony was prejudicial. If so, the case should be remanded and this expert evidence considered limited in effect as to whether the accident could have aggravated the pre-existing condition.

It is well established by the evidence that an abnormal and diseased condition of Mrs. Ledford's knees existed at the time of this accident, and had existed for some

time. The undisputed evidence, however, and by those in the best position to know, is that this condition had caused her no pain and had at no time during her life interfered with the normal use of her legs until this accident occurred in which only her left leg was involved. The practically undisputed evidence further is that at no time since the accident has she been able to use that leg as before. Although her right leg has the same pre-existing condition she has continued to be able to use it without interruption since that accident. That right leg was not involved in this accident. There is, therefore, an abundance of evidence connecting the accident and the disability mentioned, or that it aggravated pre-existing disease of that left leg so as to bring about a 25% to 30% permanent disability to her left leg.

In this plight of the testimony, it is obvious that the excluded testimony of this expert was prejudicial to the case of Mrs. Ledford; particularly, since another expert, at the insistence of appellee, had expressed an opinion contrary to that expressed in the excluded testimony.

Reversed and remanded for further proceedings in accordance with this opinion with the costs of the appeal adjudged against the appellee. The costs of the lower court will await final disposition of the case there.