**LESTER**

v.

**BAYS MOUNTAIN CONST. CO. et al.**

**Civ. A. No. 898.**

United States District Court
E. D. Tennessee,
Northeastern Division.
May 13, 1954.

Harry L. Garrett, Kingsport, Tenn., for plaintiff.

Minter, McClellan & Tipton, Kingsport, Tenn., for defendants.

ROBERT L. TAYLOR, District Judge.

This is a suit by the widow, Carsie Lester, to collect workmen's compensation benefits for the death of her husband, E. K. Lester, who allegedly died as a result of accidental injuries arising out of and in the course of his employment by defendant Bays Mountain Construction Company. The other defendant, United States Fidelity and Guaranty Company, was the workmen's compensation insurance carrier of its codefendant at the time of the accident.

While working for the construction company on January 5, 1953, the deceased was caught against an upright steel "I" beam by one of the trucks of the construction company and sustained a contusion and an abrasion on the right side of his chin; contusion and abrasion

2. Congressional Record, October 20, 1951, p. 13777.

over the middle third of the right clavicle; contusion of the right side of the throat and a contusion of the upper right chest. He did not consider the injuries of a serious nature immediately following the accident and, except for a visit to first aid at the insistence of his employer on the day it occurred and another visit the following day when his abrasion was redressed, he continued his work in the usual manner, being absent therefrom for intermittent short periods of leave for causes not connected with the accident. He continued to work until he entered the hospital the latter part of September, 1953, or approximately two weeks prior to his death.

At the time of his accident he had an enlarged heart, high blood pressure and a kidney ailment of a serious nature. It is claimed that the accident aggravated his diseased heart condition and thereby accelerated his death.

There is evidence that he declined in health from the time of the accident, but it is not shown that he declined because of the accident. On the contrary, the weight of medical opinion is to the effect that his decline was due to existing ailments and was not causally connected with the accidental injury.

Dr. Powers testified that he had treated the deceased and that in his opinion there was no causal connection between the injuries sustained by the deceased as a result of his accident and his death which occurred on October 13, 1953, more than nine months after the accident. He further testified, "The chief problem at first seemed to be heart failure. However, it became apparent pretty shortly that he also had a very severe kidney disease, and the diagnosis was both heart failure and kidney disease."

The deceased never complained to Dr. Powers that he had been injured by accident. Dr. Powers also testified that it was his opinion that the injury sustained in the accident did not aggravate his diseased condition.

Dr. Mynatt, who examined and treated the deceased about a month after the accident, testified in response to a hypothetical question that in his opinion there was no causal connection between the deceased's accidental injury and his death.

All of the medical proof shows and the Court finds that the injuries that the deceased sustained in his accident were not causally connected with his death and did not aggravate his then diseased condition or accelerate his death, but that his death was caused from a diseased condition of his body, particularly an enlarged heart, high blood pressure and a serious kidney ailment.

In order to recover, the burden of proof was upon the plaintiff to show that the injuries either caused the death of the deceased or aggravated his diseased condition so as to hasten his death. As heretofore indicated, plaintiff failed to carry this burden. The medical testimony is all against plaintiff's theory of causal connection between the accident and the death which occurred more than nine months later. In a case of this kind, it is unavoidable necessity that the Court rely on medical testimony and opinion as the best evidence available. Ledford v. Miller Bros. Co., Inc., 194 Tenn. 467, 253 S.W.2d 552; Howell v. Charles H. Bacon Co., D.C., 98 F.Supp. 567; Sage v. Tennessee Eastman Corp., D.C., 98 F.Supp. 893; McMahan v. Travelers Ins. Co., D.C., 114 F.Supp. 286.

Let an order be prepared dismissing the case.