H. K. Ferguson Company and General Accident Fire
and Life Assurance Corporation, Ltd.

*v.*

Ralph G. Kirk.

(*Knoxville,* September Term, 1960.)

Opinion filed December 9, 1961.

Rehearing Denied March 10, 1961.

Wilbur W. Piper, Fowler, Rowntree & Fowler, Knoxville, for plaintiff in error.

Harry G. Sabine, Crossville, for defendant in error.

Mr. Justice Tomlinson delivered the opinion of the Court.

Employee, Kirk, was found by the Circuit Judge to have suffered a 15 percent permanent loss of hearing by reason of an injury which arose out of, and in the course of, his employment. H. K. Ferguson Company, employer, prosecutes this appeal. The most relied upon insist-

ence apparently is that there is no material evidence to support this finding.

Kirk was engaged in a welding operation. The location of the article being welded was directly over his head. In the course of this welding a spark of fire fell into his left ear. He went at once to a first aid station, and then back to work. It pained him that night to the extent that he was taken the next morning to Dr. Johnson, an ear specialist who testified at the instance of the employer.

Dr. Johnson's examination revealed a perforation in his left eardrum. He continued under Dr. Johnson's treatment for some two or three months. There was a pussy infection and the canal was quite filled with pus. But this drainage was cured in a few weeks.

When Kirk was a child he suffered a permanent partial loss of hearing in his right ear. Dr. Johnson, during the 13 visits made to his office by Kirk, made an audiometric test. That is a standard method of ascertaining the percentage of loss of hearing in each ear. Dr. Johnson says that he found a loss of hearing in each ear to be "very close to the same", "approximately 16%".

Kirk testified that almost continuously since his left ear was entered by this spark he has suffered a ringing in that ear. Dr. Johnson says that if this be true, it does not affect his hearing. He does not attribute such alleged ringing to be due to this accident. Nor does he think that the loss of hearing in the left ear is due to the spark of fire injury. It was revealed, however, on cross-examination that he had written to the attorney for the employer that "it is my impression that this case should not be closed at this time as there probably will be some permanent disability." His explanation is that when he wrote

that letter he thought that the "perforation might not close", but that it did.

Dr. Knight is also an ear specialist. He examined Kirk's ear a little more than a year after the accident. He found that the perforation had closed, but "the drum showed some scarring and retraction". His audiogram tests revealed a loss of hearing in the left ear to the extent of approximately 20 percent. He says that an explanation for the ringing in that ear may be due to the fact that there was some damage to the structure in the middle ear with particular reference to a certain nerve. He considers the hearing loss in the left ear to be permanent, but sees no reason why the persistent ringing would impair the hearing in the other ear which, according to his test, has a 15 percent defect in hearing.

Dr. Knight said that there is no actual way of telling whether the hearing loss in the left ear was due to the accident. When asked if Kirk had never had any deafness in that left ear prior to this accident, then "is it probable that he did suffer the injury he claims?" The doctor's answer was "yes", and that "it could have been caused by the accident".

Kirk, a 46 year old man, testified without objection that when he went to a doctor several years before about his hearing this doctor told him that his left ear "was in perfect condition". He said that prior to this accident his hearing in his left ear was considerably better than in his right ear as to which right ear he had been partially deaf since childhood.

Bill Kirk, the son of claimant, said that his father "could hear fine" prior to this accident, but that since then he noticed that his father failed to hear him when he

was talking to him. "I noticed that he could not hear as well as he could before" and that "there was a big difference from the time that this accident occurred". The wife of claimant testified to the same effect.

██ The first contention of employer in support of his no evidence insistence is that it is pure speculation as to whether this lack of hearing in the left ear is due to the spark of fire entering it. Consider the fact that there is quite substantial evidence that Kirk had no impairment of hearing in this left ear prior to this accident, and that such impairment has existed continuously since. And when there is added to this the testimony of Dr. Knight that the absence of such defect prior to the accident made it "probable", as he states it at one place, and, as he states it at another, "could have been caused by the accident", the issue is clearly taken out of the realm of speculation. In fact the most logical conclusion under the circumstances stated is that the hearing defect in the left ear is due to the accident.

The next two insistences are that (1) the petition only sued for loss of hearing in the left ear and (2), therefore, the award should have been only a 7½ percent permanent disability instead of a 15 percent disability.

The petition alleged a total loss of hearing in the left ear and then concluded with the statement that

"in the event the Court should not accept the contention of petitioner as to the total loss of the hearing in left ear, that the Court inquire the exact degree of petitioners injury and disability and decree accordingly".

The list of scheduled injuries is found in the Code at 50-1007(c). It enumerates the compensation to be paid for the loss of one arm or one leg, etc., and then the amount to be paid in the event of loss of both arms, both legs, etc. But when it comes to the ears a different provision is made, to-wit, "for the complete permanent loss of hearing in both ears * * *". That distinction was noted in *Diamond Coal Company v. Jackson,* 156 Tenn. 179, at pages 182-183, 299 S.W. 802, at page 803, wherein the Court held:

"The stipulated compensation for an injury to the ear is to be awarded when the injury results in 'the complete permanent loss of hearing in both ears.' This language indicates to us that the Legislature considered the organs of hearing as a unit, dealing with them as it dealt in other paragraphs of the schedule with more tangible members or parts of the body, such as a finger, a hand, an arm, or a leg. The compensation designated is to be awarded for the loss of use of the power or sense of hearing, rather than for an injury to the physical structure of the ear. The effect of the injury on the sense of hearing is the test or measure of the compensation to be awarded."

In the light of the statutory provision with reference to loss of hearing in both ears and the hereinabove quoted construction placed thereon in *Diamond Coal Company v. Jackson,* supra, the allegation as to the injury causing the loss of hearing in the left ear was "sufficient to advise the employer of the nature of the claim so that he may be prepared to meet it," to wit, for a loss of hearing. That is all that is required in a petition seeking compensation in a workmen's compensation case.

*Ledford v. Miller Brothers Company,* 194 Tenn. 467, 469, 253 S.W.2d 552, 553.

■ As to the insistence that the award should have been limited to a 7½ percent permanent disability rather than 15 percent because of the injury being only to the left ear, the fact is that Kirk's hearing was impaired to the extent of 15 percent by reason of this injury to his left ear. It was not error, therefore, to allow the 15 percent, the Court having found that to be the percent of loss of the power of hearing.

Judgment affirmed with costs assessed against the plaintiff-in-error.