Doffus T. Yates, Appellant,

*v.*

Superior Supply Company, Appellee.

451 S.W.2d 686.

(*Knoxville*, September Term, 1969.)

Opinion filed December 12, 1969.

WADE H. LEONARD, Rossville, Ga., for appellant.

HARRY WEILL, Chattanooga, for appellee.

MR. SPECIAL JUSTICE ERBY L. JENKINS delivered the opinion of the Court.

This is a workmen's compensation case brought in the Circuit Court of Hamilton County by the appellee-employer to determine if the appellant-employee, hereinafter referred to as Yates, had any disability arising out of and in the course of his employment and if so, what type of disability. In his answer, Yates averred that he was rendered totally and permanently disabled as a result of the accident. The trial court awarded Yates compensation for temporary total disability from January 19, 1967, through February 28, 1967; and awarded him benefits in the amount of Thirty-Eight ($38.00) Dollars per week for forty (40) weeks for ten (10%) per-

cent permanent partial disability to the body as a whole. Yates has appealed from the trial court's judgment upon the technical record filed in that cause.

The trial court found, as a matter of fact, that Yates sustained an accidental injury to his back and left knee, which injury arose out of and in the course of his employment.

The court had the benefit of the testimony of two doctors, both of whom had treated Yates after the accident of January 19, 1967. Dr. Adkins attended to Yates when he was hospitalized from January 20th until January 31, 1967. At the request of Dr. Adkins, an orthopedic specialist, Dr. Forlidas, examined Yates during this period and on subsequent occasions until March 14, 1969. Dr. Forlidas determined that Yates was able to return to work on February 8, 1967. Yates did return to work, but he reentered the hospital on February 14, 1967, and remained there until February 21st. Dr. Adkins found that Yates was able to return to work on February 28th. However, Yates did not go back to work.

Dr. Adkins deferred to Dr. Forlidas for an evaluation of Yates' disability. Dr. Forlidas evaluated the permanent partial disability of Yates' back at ten percent (10%) to the body as a whole, for his left knee problem at five (5%) percent of the left lower extremity. The court found from all the proof that Yates was permanently partially disabled in the January 19th accident to the extent of ten (10%) percent of the body as a whole.

Essentially, the appellant makes two assignments of error:

1. The only issue, as framed by the pleadings, was whether Yates was permanently and totally disabled; and

in finding that Yates was only permanently partially disabled the court indulged in a subject matter not made an issue by the pleadings.

2. The court erred in not finding Yates to be one hundred (100%) percent permanently and totally disabled.

■ As regards the appellant's first assignment of error, he is, in effect, contending that if one alleges permanent total disability in his petition then the court is relegated to finding that disability or no disability at all. Fortunately, such is not the case. Even though the employee alleges that he is permanently and totally disabled, the trial court is not precluded from finding a different kind of disability from that alleged. In *Fidelity & Casualty Co. of New York v. Patterson* (1959), 204 Tenn. 673, 325 S.W.2d 258, there was a claim for one hundred (100%) percent total permanent disability. This Court said that even though there was no evidence to sustain such a claim, the court could, nevertheless, award the employee compensation for permanent partial disability. Even though the employee alleges permanent total disability it is up to the trial judge "to determine from all of the evidence in the case * * * the extent of the disability, that is whether partial or permanent, and if partial, what amount." *Bush Bros. & Co. v. Williams* (1954), 197 Tenn. 334, 273 S.W.2d 137.

■■ Although it is true that the pleadings must be sufficient to advise the employer of the nature of the claim so that he will be prepared to meet it, *Ledford v. Miller Bros. Co.* (1952), 194 Tenn. 467, 253 S.W.2d 552; *Phillips v. Diamond Coal Mining Co.* (1939), 175 Tenn. 191, 133 S.W.2d 476, this is not to imply that if permanent

total disability is alleged then the trial judge must find such disability or none at all. The purpose of the above rule is to prevent the claimant from alleging, for example, temporary total disability and then coming into court and trying to prove permanent total disability. Such a practice would naturally work an element of surprise on the employer and would be patently unfair. But, nothing prohibits the finding of a lesser degree of disability than that alleged. Consequently, the trial court in this case was properly within its bounds in awarding compensation for permanent partial disability.

The employee's second assignment of error is that the trial judge should have found, from all the evidence, the employee to be one hundred (100%) percent permanently and totally disabled rather than ten (10%) percent permanently partially disabled to the body as a whole. The extent of disability in workmen's compensation cases is a question of fact, and if the findings of the trial judge are supported by any material evidence they are conclusive upon this Court. *Armstrong v. Spears* (1965), 216 Tenn. 643, 393 S.W.2d 729; *Fidelity & Casualty Co. of New York v. Treadwell* (1963), 212 Tenn. 1, 367 S.W.2d 470; *Ward v. North America Rayon Corp.* (1963), 211 Tenn. 535, 366 S.W.2d 134; *U. S. Rubber Products Co. v. Cannon* (1938), 172 Tenn. 665, 113 S.W.2d 1184. We think there is material evidence in the record to support the trial judge's findings as to the extent of the employee's disability.

The above assignments of error are overruled and the judgment of the trial court is affirmed. The costs incident to the appeal to this Court are taxed against appellant Yates.

DYER,. CHIEF JUSTICE, CRESON and McCANLESS, JUSTICES, and BOZEMAN, SPECIAL JUSTICE, concur.

OPINION ON THE PETITION TO REHEAR

MR. SPECIAL JUSTICE ERBY L. JENKINS.

The appellant has filed an earnest petition to rehear in this cause. After re-examining our original opinion, we feel compelled to adhere to the conclusions stated therein.

We can find nothing in the petition to change our reasoning in the original opinion. No new authorities are cited in said petition.

"A petition for rehearing should never be used merely for the purposes of rearguing the case on points already considered and determined, unless some new and decisive authority has been discovered, which was overlooked by the court." *Whitaker v. House* (1963), 213 Tenn. 61, 372 S.W.2d 194.

The petition to rehear is hereby overruled and denied.

DYER, CHIEF JUSTICE, and CRESON and McCANLESS, JUSTICES, and BOZEMAN, SPECIAL JUSTICE, concur.