Dalton HAWKINS, Plaintiff–Appellee,

v.

CONSOLIDATED ALUMINUM CORPO-
RATION, Defendant–Appellant.

Supreme Court of Tennessee,
at Jackson.

Oct. 13, 1987.

Rehearing Denied Dec. 21, 1987.

Glen G. Reid, Jr., Memphis, Thomas H.
Rainey, Jackson, for defendant-appellant.

Edward L. Martindale, Jr., T. Robert
Hill, Jackson, for plaintiff-appellee.

## OPINION

BROCK, Justice.

In this worker's compensation case the
chancellor awarded the plaintiff-employee
benefits for a fifty percent permanent loss
of hearing in both ears, or seventy-five
weeks of disability payments of sixty-six
and two-thirds percent of the employee's
weekly wages, as provided by T.C.A.
§ 50–6–207(3)(A)(ii)(r). The plaintiff al-
leged and the chancellor found that the
plaintiff's loss of hearing was an injury
that arose out of and in the course of his
employment with the defendant in that it
resulted from exposure to loud noises in
the defendant's plant where the plaintiff
worked for a period of over twenty years.

The defendant has appealed and asserts, primarily, that the plaintiff failed to satisfy the notice requirements of T.C.A. § 50–6–201 and § 50–6–202.

The cause of action here asserted arose prior to July 1, 1985, the date on which T.C.A. § 50–6–225(e) became effective; therefore, the standard for reviewing findings of fact of the trial court is whether or not any material evidence is found in the record to support those findings.

The plaintiff, who is forty-nine years of age and has a twelfth grade education, began working for the defendant in 1961 and continued working there through July 1984 when he was laid off due to a labor dispute. The plaintiff testified that he underwent an examination by Dr. McIver in late December 1984 and that he learned from Dr. McIver that he had suffered a serious loss of hearing, that it was permanent, and that it had been caused by the loud noise to which he had been subjected while employed by the defendant for approximately twenty years. He testified that this knowledge was first acquired on or about December 31, 1984, and that he notified the defendant-employer of his claim sometime on or about the first week of January 1985.

The plaintiff acknowledged that he had been examined by Dr. Cox on or about April 17, 1981, and that Dr. Cox told him at that time: "He said I had a loss, not to worry." He testified that he did not know then that he had a *serious* hearing loss and that he did not know that such hearing loss as he had then was "directly related to [his] work at Conalco." The plaintiff also testified that on one or more occasions his hearing was tested by a Mr. Weir, employed by the defendant for the purpose of testing the hearing of employees, but that Mr. Weir had not informed him of any hearing loss but had merely told him that if "I had any—you know, he'd check it and if I had any problems, he would get back with me." Plaintiff testified that following his examination by Dr. Cox in 1981 Dr. Cox told him that he "had some loss but not to worry about it. . . . He didn't say it was permanent or high frequency."

Dr. Cox testified that he first examined the plaintiff on April 17, 1981, for a loss of hearing and found "high frequency, nerve type hearing loss of about equal degree in both ears." He testified that this loss was due to damage to the hearing nerve. Of this April 17, 1981 examination of the plaintiff Dr. Cox testified that he had no recollection that he, at that time, told the plaintiff that his loss was due to noise encountered on the job. Dr. Cox further testified that he saw the plaintiff again on May 6, 1985, after this suit was filed. The examination on that occasion indicated that plaintiff's loss of hearing was "a little worse" and that it was caused by noise encountered on the job with the defendant. He testified that the plaintiff's hearing loss amount to eighteen percent binaural disability.

The defendant objected to the plaintiff's testimony that Dr. McIver examined him and told him in late December 1984 that he had a significant loss of hearing which was caused by the noise in his work environment for the defendant, asserting that such testimony was inadmissible hearsay. It would be hearsay and inadmissible to show that the plaintiff had such a hearing loss or that it was caused by his work environment, but it clearly was not offered for that purpose. The fact of the plaintiff's loss of hearing and that it was caused by the noise in his work environment was established by the testimony of Dr. Cox. But, it is equally clear that the plaintiff's testimony regarding Dr. McIver's conclusions related to him on or about December 31, 1984 was admissible to show when it was that the plaintiff became aware that his hearing loss was work connected and thus compensable under the Worker's Compensation Act. The time of acquiring such knowledge was a crucial element of his claim. This is true because the time for giving notice and for filing of suit did not begin to run until the plaintiff knew or as a reasonably prudent person should have known, that his hearing loss was work connected. *Brown Shoe Co. v. Reed,* 209 Tenn. 106, 350 S.W.2d 65 (1961);

*Reed v. Genesco, Inc.,* Tenn., 512 S.W.2d 1 (1974).

It is well settled in this State that the running of the statute of limitations and of the time for giving notice of an injury is suspended until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained. *Union Carbide Corp., Food Prod. Div. v. Cannon,* Tenn., 523 S.W.2d 360, 361 (1975); *Imperial Shirt Corp. v. Jenkins,* 217 Tenn. 602, 399 S.W. 2d 757 (1966); *Murray Ohio Manufacturing Company v. Vines,* Tenn., 498 S.W.2d 897 (1973); *Norton Co. v. Coffin,* Tenn., 553 S.W.2d 751, 752 (1977).

Admittedly the issue is close, but we find in the record material evidence, consisting of the plaintiff's own testimony, to support the finding of the chancellor that the plaintiff did not become aware that he had a serious impairment of hearing caused by noise on the job until late December 1984, within the period prescribed for the giving of notice. *Accord: Villegas v. Industrial Commission of Arizona,* 149 Ariz. 382, 718 P.2d 1035 (1986).

The defense that the statute of limitations of one year had run on plaintiff's claim before he filed suit on January 14, 1985 is, likewise, not sustained for the same reasons given above for holding that the plaintiff was not aware that he had a compensable claim until late December 1984. *See,* authorities above cited.

The record abundantly sustains the finding of the chancellor that the plaintiff in fact sustained a substantial loss of hearing which is permanent and was caused by the noise existing in the plaintiff's work environment with the defendant. In fixing the extent of plaintiff's compensable disability, the trial court considered factors such as age, education and work training, that we have on many occasions said should be considered in fixing the extent of disability. It is our conclusion that considering the testimony of the plaintiff himself, and the testimony of Dr. Cox and the testimony of Dr. Daniel R. Schumaier and the other evidence considered by the chancellor

that there is material evidence in the record to support his finding and conclusion that the plaintiff has suffered a fifty percent permanent loss of hearing in both ears and that he is entitled to an award equal to fifty percent of the compensation provided by T.C.A. § 50–6–207(3)(A)(ii)(r) for the permanent loss of hearing in both ears. *Diamond Coal Co. v. Jackson,* 156 Tenn. 179, 299 S.W. 802 (1927); *T.H. Mastin & Co. v. Loveday,* 202 Tenn. 589, 308 S.W.2d 385 (1957).

We have considered other claims of error asserted by the defendant but find that they are without merit.

The decree of the chancellor is affirmed and costs are taxed against the appellant and surety.

HARBISON, C.J., and FONES, COOPER and DROWOTA, JJ., concur.

## OPINION ON PETITION TO REHEAR

Defendant–Appellant, Consolidated Aluminum Corporation, has filed a petition to rehear which has been considered by the Court and found to be without merit.

The petition is denied. Costs are adjudged against the defendant-appellant.