MASHBURN *v.* NE-HI BOTTLING CO. *et al.*

(*Knoxville,* September Term, 1949.)
(May Session, 1950.)

Opinion filed April 29, 1950.

Rehearing Denied July 15, 1950.

McAllester & McAllester, of Chattanooga, for plaintiff in error.

R. A. Davis and Frank N. Bratton, both of Athens, for defendant in error.

Mr. Justice Gailor delivered the opinion of the Court.

This is a case rising out of the Workmen's Compensation Act, Code, Sections 6851 et seq., wherein petitioner, Mashburn, sought compensation for injuries received while employed by the respondent, Mrs. B. P. Smith, who operates the Ne-Hi Bottling Company in McMinn County.

Petitioner is the brother-in-law of Mrs. Smith, and, was the manager and general factotum of the small bot-

tling business. To give access and egress to the plant for trucks, it became necessary to construct a driveway, and while petitioner was hauling concrete blocks to make a bed or foundation for this driveway, the truck which he was driving overturned, and he received the injuries for which compensation is sought, and which were the loss of his right eye, the severance of nerves impairing hearing in his right ear, and a wound in the right side of his head which had uncovered a portion of the brain, and was still draining at the time of the second trial of the case which was had on March 16, 1949, some 17 months after the accident which occurred on October 17, 1947.

The Trial Judge awarded compensation for total permanent disability, and later overruled motion for a new trial, allowing 30 days for the preparation and filing of a bill of exceptions. The defendant filed the bill of exceptions within the time allowed, but for reasons unexplained in the record, did not perfect the appeal. On November 23, 1949, the record was filed by defendant for writ of error. Under these facts and this state of the record, the scope of our review is the same as that on an appeal in the nature of a writ of error. Code Sections 9063, 6885.

We will not consider any assignment of error which was not made a ground for motion for new trial and seasonably brought to the attention of the Trial Judge. *Coleman Co.* v. *Isbell,* 159 Tenn. 459, 19 S. W. (2d) 243; *Jacks* v. *Williams-Robinson Lumber Co.,* 125 Tenn. 123, 125, 127, 140 S. W. 1066; *Bostick* v. *Thomas,* 137 Tenn. 99, 101, 191 S. W. 968.

This being a Workmen's Compensation case, we will only review the findings of fact by the Trial Judge

so far as may be necessary to determine that such findings were supported by some material evidence. *McBrayer* v. *Dixie Mercerizing Co.*, 178 Tenn. 135, 156 S. W. (2d) 408; *Central Franklin Process Co.* v. *Gann*, 175 Tenn. 267, 133 S. W. (2d) 503; *Anderson* v. *Volz Const. Co.*, 183 Tenn. 169, 191 S. W. (2d) 436; *Floyd* v. *Indemnity Ins. Co.*, 184 Tenn. 381, 199 S. W. (2d) 106.

So limited, this appeal presents only two questions subject to our review:

(1) Was there material evidence to support the finding of the Trial Judge that the injuries to petitioner rose out of and in the scope of petitioner's employment, so that such injuries were compensable under the Act.

(2) Was there material evidence to support the finding of the Trial Judge that as a result of the accident the petitioner had suffered permanent total disability.

 As to the first question,—according to Mrs. Smith's testimony, petitioner was working on the driveway during a slack time at the bottling plant and on her orders and direction. The driveway was to be used by vehicles on the business of the Bottling Company, and petitioner was being paid for his work on the driveway by the Bottling Company. We agree with the learned Trial Judge that the rule made in *U. S. Rubber Products Co.* v. *Cannon*, 172 Tenn. 665, 113 S. W. (2d) 1184, is controlling. After citing *Gibbons* v. *Roller Estates, Inc.*, 163 Tenn. 373, 43 S. W. (2d) 198, and many other cases from this and other jurisdictions, to support the rule that where the employer is not a contractor or builder, injuries received by an employee on a construction project not an incident of or related to the real business of the employer, are not within the scope of the employee's employment, and so not compensable under the Act, this Court said: "The rule must be so limited. It is not to

be extended to regular and general employees about a plant in connection with its usual business who happen to be at the time of the accident engaged, at the direction and under the supervision of the company's managers, on work of a repair or construction character.'' *U. S. Rubber Products Co.* v. *Cannon,* 172 Tenn. 665, 670, 113 S. W. (2d) 1184, 1186.

We think it clear from the evidence in the present case that the construction of the driveway was incident to the bottling business, being made for the purpose of furthering that business, and it was not a separate business enterprise of the employer. Material evidence to support this conclusion is to be found in the testimony of Mrs. Smith, and also in that of the petitioner.

Since Mrs. Smith's insurance carrier has made itself a party by joining as petitioner in the petition for writ of error, we observe that the language of the policy of Workmen's Compensation insurance which Mrs. Smith carried, and which was an exhibit, brings this accident and injury within the definition of risk in that policy: ''Six: This agreement shall apply to such injuries so sustained by reason of the business operations described in said Declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said Declarations or elsewhere in connection with, or in relation to, such work places.''

It results that we find for the petitioner on the first question presented by the appeal.

As to the second question,—whether there is material evidence to support the award for total permanent disability, the Trial Judge found: ''Upon the question of the degree of disability the Court has found and now

finds that the Plaintiff is permanently and totally disabled. The Court observed the Plaintiff as he appeared to testify. In fact, the Court was apprehensive regarding his well-being at one point during the trial and recessed Court to permit the Plaintiff to be taken out of the Courtroom to regain his composure. He became so distraught under a most considerate and mild examination and cross-examination that he completely broke down and was unable to proceed further with his testimony. It is apparent from observation of the Plaintiff not only that he has been and is totally and permanently disabled for any gainful employment by reason of his physical injuries, but also that he is not in possession of his full mental faculties. The Court cannot conceive of this Plaintiff being able to pursue any gainful employment whatsoever.''

To support this finding, Dr. Foree testified that the accident had caused the loss of petitioner's right eye, the impairment of hearing in his right ear, the unhealed wound in his head, the possibility of epileptic seizures, and the present derangement of his mind. And when asked if petitioner was physically able to work, the Doctor testified: ''Q. Is he or not in your opinion at this time capable of accepting employment, doing anything actively? A. I do not think he would be.''

There is some argument that the mathematical computation of the amount of the award was erroneous, but since this point was not presented in the motion for a new trial, it is beyond the scope of our review. *Coleman Co.* v. *Isbell,* supra.

All assignments of error are overruled and the judgment is affirmed.

All concur.

## Opinion on Petition to Rehear.

Gailor, Justice.

■■ Petition to rehear has been filed which complains of certain statements of fact in our former opinion: (1) It is insisted that petitioner's head was crushed by a tractor, and not as we stated, by a truck. This is a workmen's compensation case and it is immaterial whether the machine was a tractor or a truck since petitioner was using the machine in the course of his employment. (2) We stated that the driveway upon which petitioner was working at the time of his accident, was necessary, as affording means of ingress and egress to the Bottling Plant. In the petition· to rehear, it is insisted that the driveway was not *"necessary,"* but "would make it more convenient in that while one truck was being loaded at the south end of the building, the other truck or trucks would drive around to the rear of the building and park." From this statement it is clear beyond peradventure, that the purpose for which the driveway was being built, was to afford ingress and egress to the Bottling Plant. It is immaterial whether the driveway was necessary or merely an additional facility so long as the petitioner's work on it was an incident of his general employment at the Bottling Plant for the benefit of the employer in the business which was the basis of the employment, and not a separate and distinct enterprise. *U. S. Rubber Products Co.* v. *Cannon,* 172 Tenn. 665, 113 S. W. (2d) 1184.

The rest of the petition to rehear is reargument merely, and fails to comply with our Rule 32, 185 Tenn.

Petition denied.

All concur.