FRADY *v.* WERTHAN BAG CORP. *et al.*

*(Nashville,* December Term, 1950.)

Opinion filed July 27, 1951.

Petition to Rehear denied August 31, 1951.

WM. H. WOODS and GOODPASTURE, CARPENTER & DALE, all of Nashville, for plaintiff in error.

(1)

2

CATE & CATE, of Nashville, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a workmen's compensation case and the suit was dismissed by the trial judge on the ground that he found that petitioner was not suffering from silicosis. This appeal resulted.

The petitioner was regularly employed by the Werthan Bag Corporation, a textile manufacturing plant. His work consisted of grinding metal teeth of the carding machines with abrasives made of emery, sand and other grinding compounds and he charges that in breathing the dust from this work and the small particles of lint in the air, he contracted silicosis and as a result, he became totally and permanently disabled.

He contends that he contracted silicosis after March 12, 1947, the date the amendatory act to the workmen's compensation statute became effective with respect to occupational diseases. Pub. Acts 1947, c. 139.

A detailed statement of the testimony would serve no useful purpose here in view of our holdings that if there is material evidence to support the finding of the trial court, the judgment will not be disturbed.

In *Greener* v. *E. I. Du Pont De Nemours & Co.*, 190 Tenn. 105, 228 S. W. (2d) 77, 79, the Court said: "Where

this is true, we have repeatedly held in compensation cases that we do not look to the preponderance of the evidence, but examine the record to see if there is material evidence to support the findings of the trial judge. *McBrayer* v. *Dixie Mercerizing Co.*, 178 Tenn. 135, 156 S. W. (2d) 408; *Wright* v. *Armstrong*, 179 Tenn. 134, 163 S. W. (2d) 78; *Tipton* v. *North American Rayon Corp.*, 181 Tenn. 434, 181 S. W. (2d) 619; *Davis* v. *Wabash Screen Door Co.*, 185 Tenn. 169, 204 S. W. (2d) 87.''

See also *Storie* v. *Taylor Supply Co.*, 190 Tenn. 149, 228 S. W. (2d) 94.

Dr. R. M. McCracken of Nashville, an eminent specialist on chest diseases, was appointed by the court to examine petitioner for the express purpose of determining whether or not he had silicosis, and he testified, after a complete examination, that the petitioner did not have this disease. Dr. Miller Robinson, a physician of Nashville, was employed by the defendants to examine the petitioner and while originally of the opinion that petitioner had silicosis, after further study and investigation, he came to the conclusion that he did not have such disease and so testified upon the hearing. Dr. J. J. Lentz of Nashville, petitioner's personal physician, testified that in his opinion the petitioner was suffering from silicosis.

Certainly from the above statements, there was material evidence to support the judgment of the court below. In fact, the preponderance of the evidence is in favor of the judgment below.

The petitioner contends that he was not permitted to argue the case after the close of all the proof in the court below. We have examined the record carefully and find that the petitioner has had a fair trial, as has been noted. After hearing the medical proof on the condition of the

4

petitioner, the court made an order for Dr. McCracken to make an examination of the petitioner. We are impressed by the fact that the trial judge undertook to get at the real facts of the case.

At the close of all the proof, here is what occurred:

"The Court: All right, gentlemen. Take this down and then stop writing. Let the petition be dismissed.

"Thereupon the Court continued with a statement about the case until Mr. Woods interrupted as follows:

"Mr Woods: Your Honor, may I have a written finding of facts?

"The Court: Yes, I will give you that and I will state it to you right now. I am of the opinion from the evidence in this case that this man at the time, this petitioner at the time, was not suffering with silicosis.

"I am of the opinion that the date of this notice is not in compliance with the statute. Is there anything further that you want as a finding of fact?

"Mr. Woods: No, I guess that cuts me off.

"The Court: How is that?

"Mr. Woods: I say that cuts me off.

"The Court: All right, gentlemen.

"Mr. Woods: I would like to have an opportunity to argue the case, if Your Honor please.

"The Court: I am of the opinion that you would not change me.

" Mr. Woods: Well—

"The Court: And this, I will add to this finding of fact this, that the Act of 1947, the one making silicosis one of the ailments, complaints or trouble for which recourse could be had, from the standpoint of the petitioner, if he did have this trouble, and I find as a fact he did not, that the notice would come too late because Dr. Lentz

testified that back in 1948, from his diagnosis and examination, that he was troubled with silicosis."

It seems that the case had been fully developed. The petitioner requested a finding of fact, which was done. The trial judge simply said thereafter that an argument would not change his views.

It results that we find no error in the judgment of the court below and it is affirmed.

All concur.