HARRIMAN MFG. Co. *et al.*, Plaintiff in Error, *v.* WALTER SHADDEN, Defendant in Error.

(*Knoxville*, September Term, 1954.)

Opinion filed November 16, 1954.

MASSEY STONE & KIRKLAND, of Chattanooga, for petitioner, Walter Shadden.

FRAZIER, ROBERTS & WEILL, of Chattanooga, for defendants, Harriman Mfg. Co. and American Mut. Liability Ins. Co.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

The Trial Court awarded Walter Shadden workmen's compensation and rendered a judgment against his employer, Harriman Manufacturing Company, and its insurance carrier, American Mutual Liability Insurance Company. Both parties, plaintiff and defendant, have appealed and assigned error.

330

The employer and its insurance carrier have only one assignment of error which is to the effect that there is no evidence to support the verdict of the Trial Judge in finding that the petitioner's injury arose out of and in the course of employment. It is insisted that the facts testified to by the petitioner and the doctors all clearly showed that any disabilities suffered by the petitioner were not the result of any accident received while employed by said defendant.

This insistence by the defendant is based upon these facts: The petitioner was injured on the 7th day of August 1952, while doing heavy lifting. The accident occurred on the evening shift about 9:00 o'clock at night and there was no medical attention available at that time, but the next day when petitioner went to the Company doctor, his injury was diagnosed as a muscular strain and he was given some pain-pills. Petitioner went back to the Company doctor several times and on August 27, 1952, the doctor stated that petitioner was able to return to work. He did return to work on August 27th, but after working four or five days he quit. On October 28, 1952, petitioner passed a pre-employment examination and began working for Hiwassee Construction Company rebuilding the T. N. T. Plant near Chattanooga, where he remained until about January 4, 1953, and while there was engaged as a laborer lifting pieces of timber of various sizes, some of which were quite heavy, possibly weighing 300 pounds, although it appears that there were six or eight men used in handling these heavier timbers.

It appears that petitioner was treated by several doctors and that the first impression in the minds of some of them was that he had only a muscular sprain in the upper left side of his back, although it developed later that he had what is commonly called a ruptured disc for which

he was operated finally on May 12, 1953, and the disc was removed.

■ This Court does not review the evidence in compensation cases to determine where the preponderance of the evidence lies but reviews it only for the purpose of determining whether there is any material evidence to support the finding of the lower Court. No citation of authority is necessary for this.

The insistence in behalf of the employer briefly stated is that since the petitioner was returned to work on August 26, by the Company physician and after quitting his employment there, did not go to his own doctors after September 29th, and was certified for work at the Hiwassee plant on October 28th, did heavy lifting there, was later promoted and worked at the Hiwassee plant without complaining to that employer, coupled with the fact that the petitioner's doctors did not decide until several months afterwards that petitioner's trouble was a ruptured disc, and the fact that petitioner at first complained of pain in the upper left side of his back, whereas later on the effects of the injury showed up in the right leg, the conclusion is drawn in behalf of the employer, that petitioner was not suffering from any injury received while working for this employer.

On the other hand, the petitioner testified that he suffered pain all through this period of time but that he had to work in order to support himself and his family and he eventually ended up by having to go on public relief. Also, that there is ample evidence on the part of the several doctors who treated him that it is difficult to determine sometimes whether a person has only a muscular sprain or a disc involvement. In this instance the doctors suspected the disc involvement several months before the operation took place but they tried putting him in trac-

tion and other usual treatments in the hope of obviating an operation for the ruptured disc.

■ Since it is made to appear that the petitioner did not suffer an injury on any occasion subsequent to August 7th, and since the evidence gives the petitioner a good reputation for honesty it is not difficult to see why the Trial Judge concluded that the injury arose out of and in the course of employment.

The assignment is overruled.

With respect to the petitioner's two assignments of error, the Trial Judge decreed that petitioner was totally disabled for a period of 59 5/7ths weeks; that during this time he worked or received compensation payments for a period of eight weeks; he is entitled to recover the balance of 51 5/7ths weeks compensation at $25 per week for this period of total disability, amounting to $1292.86; that from and after the first day of October 1953, the petitioner is entitled to recover on the basis of 35% permanent, partial disability and to recover the sum of $8.75 per week for a period of 240 2/7ths weeks from and after that date, plus the medical expense of $108.24 incurred during the statutory period of six months.

Petitioner's first assignment of error is that the Trial Court erred in failing to find petitioner totally and permanently disabled, and the second is that the Court erred in the manner in which the award was calculated.

■ As to the first assignment it is insisted that since petitioner has never been and is not qualified to do anything but common labor such as farm work, timber cutting and other jobs requiring heavy lifting, and is no longer able to do this kind of work the Court should have found that he was permanently and totally disabled, relying on what is said in the opinion in the *Greeneville*

*Cabinet Co.* v. *Ramsey,* Tenn., 260 S. W. (2d) 157.

We think that this case is authority against the petitioner's claim rather than in favor of it because there this Court declined to find 100% permanent disability because the evidence of the doctors fixed disability at 50% which was accepted by the Trial Judge.

In the instant case the petitioner's own medical proof established his permanent disability at 35%, so that the judgment of the Trial Court is supported by material evidence and will not be disturbed on appeal.

With reference to the second assignment of the petitioner the Court fixed the compensation exactly in accord with Code, Section 6878(c), where the injury does not come within the schedule or other provisions of that section, which paragraph provides as follows:

"In all other cases permanent partial disability not above enumerated, the compensation shall be 60% of the difference between the wages of the workman at the time of the injury and the wage he is able to earn in his disabled condition, subject to a maximum of $25 per week for not more than 300 weeks."

In accordance with the construction of this paragraph in *King & Mize Lbr. Co.* v. *Houk,* 186 Tenn. 63, 208 S. W. (2d) 342, and *Dorothy Lee Allen* v. *Atlas Boot Co.,* Tenn., 268 S. W. (2d) 108, all assignments of error are overruled and the judgment of the lower Court is affirmed and the cause remanded for the enforcement of the decree as entered.