RUBE C. ADAMS

*v*

J. E. PATTERSON

(*Nashville,* December Term, 1956)

Opinion filed April 1, 1957

Rehearing Denied April 1, 1957.

JOSEPH L. LACKEY, Nashville, for petitioner, plaintiff-in-error.

MURRAY & PEELER, Waverly, for defendant, employer.

See also, 288 S.W.2d 453.

Mr. Justice Burnett delivered the opinion of the Court.

This is a proceeding to enforce payment of compensation under the Workmen's Compensation Law, Section 50-901 et seq., T.C.A. The present action is based specifically on Section 50-1007, T.C.A. The trial judge allowed compensation but this was not satisfactory to the employee and he has appealed.

The record contains no motion for a new trial. There is no error in the technical record. The employer moves to dismiss for this reason. In this state of the record, this Court is without jurisdiction to consider the propositions of fact here raised. *Mullins v. Tennessee Stave & Lumber Co.*, 155 Tenn. 132, 290 S.W. 975; *Bailey v. American Glanzstoff Corp.*, 163 Tenn. 206, 42 S.W.2d 347; Rule 14, 185 Tenn. 866; *Atlas Powder Co. v. Leister*, 197 Tenn. 491, 274 S.W.2d 364.

For this reason the appeal must be dismissed at the cost of the plaintiff in error, employee.

On Petition to Rehear

We have before us a petition to rehear in this case in which it is insisted that in view of Sections 27-303, and 27-304, T.C.A., motions for a new trial are not now required in a Workmen's Compensation case.

Insofar as here applicable Section 27-303, T.C.A., provides that:

> "All cases tried in a court of record without the intervention of a jury * *.* shall be reviewed upon a simple appeal, * * * and no motion for a new trial shall be necessary, * * *."

The argument is, in view of this language of the Code, that it was not necessary for the plaintiff in error to have filed a motion for new trial below. We, on March 8, 1957, dismissed the appeal because no motion for new trial was filed. In this opinion we cited two cases which were decided prior to the Code Amendment above quoted. We also cited the case of *Atlas Powder Co. v. Leister*, 197 Tenn. 491, 274 S.W.2d 864, which was subsequent to the Code Amendments now relied on. In this case, that is the Atlas Powder Co. case, this Court held that the specific law applicable to Workmen's Compensation cases was applied rather than the general statutes above referred to.

Code Section 50-1018, T.C.A., insofar as herein applicable provides:

> "Any party to the proceedings in the circuit, criminal, or chancery court may, if dissatisfied or aggrieved by the judgment or decree of that court, pray an appeal in the *nature of a writ of error* to the

Supreme Court, where the cause shall be heard and determined in accordance with practice governing other appeals in the *nature of a writ of error* in civil causes.''

■ This quoted portion of Section 50-1018, T.C.A., is applicable specifically to Workmen's Compensation cases. For the reasons stated in the Atlas Powder Co. case, supra, the appeal in a Workmen's Compensation case is in the nature of a writ of error and not by simple appeal. Under such a situation a motion for a new trial is necessary.

■ Motions for a new trial serve two purposes, to-wit: (a) to suspend the judgment so that the trial judge may have the time to correct his errors by the grant of a new trial; and (b) to set out the error as a ground and prerequisite to an appellate review where such error depends upon a bill of exceptions. *Memphis Street Railway Co. v. Johnson,* 114 Tenn. 632, 88 S.W. 169.

In commenting on this question, though not pertaining to Workmen's Compensation cases, the Court of Appeals in an excellent reasoned opinion of *Ragsdale v. Hill,* 37 Tenn. App. 671, at page 680, 269 S.W.2d 911, at page 916, has this to say:

''We are satisfied that it did not abolish motions for new trials in such cases, nor deprive trial courts of the power to grant new trials, nor change the rule that the timely filing of a motion for a new trial suspends the judgment until the Trial Judge can find an opportunity to dispose of the motion. Cf. 1950 Code Supp. sec. 8980 (providing for filing petitions to rehear and motions for a new trial) and 8820 (recognizing that such a motion suspends the judgment).''

For the reasons above stated and particularly those as set out in the Atlas Powder Co. case, supra, the petition to rehear is denied at the cost of the petitioner.