ROBERT SHUBERT et al.

*v.*

ESSIE STEELMAN.

377 S.W.2d 940.

(*Nashville,* December Term, 1963.)

Opinion filed April 8, 1964.

CLAUDE CALLICOTT, Nashville, for defendants-plaintiffs in error.

WALTER M. HAYNES, PAT B. LYNCH, Winchester, for petitioner-appellee.

Mr. Justice Felts delivered the opinion of the Court.

This is a workmen's compensation case. The employers were engaged in the business of cutting timber and hauling sawlogs. One of their employees, Buford Steelman, was killed when a tree cut by another employee fell upon him. This suit was brought by his widow against the employers and their insurer to recover, on behalf of herself and their four children under 16 years of age, compensation and burial expenses under the Act.

Defendants admitted in their answer that Steelman was killed in their employ by a tree felled upon him by another employee, but denied that his death resulted from an accident arising out of and in the course of his employment, and that petitioner was his widow. They alleged that the death was caused by his violation of instructions, and by "his own willful misconduct or intentional self-inflicted injury"; and that petitioner, if his widow, was voluntarily living apart from him and not dependent upon him.

A large amount of evidence was adduced on each side, and after the hearing, the Trial Judge filed a memorandum finding that the death was not due to the employee's violation of instructions or his willful misconduct or self-inflicted injury, but resulted from an accident arising out of and in the course of the employment; that his average weekly wage was $20.00 per week; and that compensation and burial expenses should accordingly be awarded.

Before the entry of the decree, however, defendants moved the trial court to make additional findings and specifically to find whether petitioner was voluntarily living apart from her husband and, if so, whether she was dependent upon him. In response to this motion,

the court found that petitioner was voluntarily living apart from her husband and that the compensation award should inure to the benefit of the four minor children only, and a judgment was entered accordingly.

Defendants made a motion for a new trial upon the grounds that there was no material evidence to support the court's finding that the death was caused by accident arising out of and in the course of the employment; that the evidence preponderated against such finding; and that there was no evidence to support the award of burial expenses in the sum of $300.00.

Likewise, petitioner moved for a new trial, asserting there was no material evidence to support the finding that she was voluntarily living apart from her husband; that the evidence preponderated against the finding that the average weekly wage was $20.00 per week; and that the Court should have found the average weekly wage of deceased employee, or one in like grade or position, was $40.00 per week.

Upon the hearing of these motions the trial court overruled all the grounds of each motion except the first ground of petitioner's motion and the third ground of defendants' motion, and accordingly granted a new trial or rehearing upon the issues as to the amount of the burial expenses and whether petitioner was voluntarily living apart from her husband. Defendant saved a wayside bill of exceptions.

On the rehearing upon these two issues, the Trial Judge found that petitioner was not voluntarily living apart from her husband and was, therefore, conclusively presumed to be dependent upon him; and that she was entitled to recover burial expenses in the sum of $350.00,

and to recover, on behalf of herself and the four minor children, death benefits in the sum of $15.00 per week as provided by the Act; and the Court so decreed.

Defendants made a motion for a new trial, which was overruled, saved a bill of exceptions, perfected an appeal in the nature of a writ of error, and have assigned errors upon both bills of exceptions, insisting that there is no material evidence to support the finding that the death resulted from an accident arising out of and in the course of the employment; that the trial court erred in granting a new trial or rehearing upon the issues as to the burial expenses and whether petitioner was voluntarily living apart from her husband; and that there is no material evidence to support the finding that she was not voluntarily living apart from him.

As stated, the employers were engaged in a timber operation on Cumberland Mountain in Franklin County, Tennessee—cutting trees into sawlogs and hauling them out by trucks. They had a number of men employed in this work. They employed Steelman as "a general laborer," "to do whatever is necessary in the timber and logging operations." On the first day he worked with the other men "snaking" logs to a "skidway," a place where logs were rolled up skids onto the trucks. On the second day he met his death.

When he reported for work that morning, he first helped in the loading of the logs on the trucks. When the logs were loaded and the trucks left, one of them got stuck on the road. Defendant Rich went to help get it out. But before doing so, he told Steelman and another employee, Miller, to go down the road and cut another "skidway." He did not tell them where to cut the "skidway," but left it to them to find and select a suitable place for it.

About the time they started to do this, another employee, Bohanan, cutting down a tree with a chain saw in the woods nearby, called to Steelman and Miller, said his saw was hung in the trunk of the tree, and asked them to bring their axes and help get it loose. They did that and then went to look for a place for a "skidway." In a few minutes Bohanan finished that tree, went to another tree and just as he was sawing it down, he saw Steelman in the woods within reach of the falling tree. He yelled "timber," Steelman threw up his hands, but the tree fell on him and killed him.

Much of the argument of the learned counsel for plaintiffs in error is upon the weight of the evidence. It is true there was conflict in the evidence, the testimony of defendants' witness Miller tending to show Steelman knowingly and recklessly walked under the falling tree as if bent on suicide, while other evidence was that the place where the tree fell was a suitable place for a "skidway," there were a number of logs nearby, and it does not appear that Steelman knew where Bohanan was at that time, or was aware that a tree was being cut in that vicinity, until it began falling and it was too late to escape.

So we think the Trial Judge could reasonably find from all the circumstances that Steelman was there undertaking to find a place for a "skidway"; and that the death resulted from an accident "arising out of and in the course of employment," within the meaning of our Workmen's Compensation Act (T.C.A. sec. 50-902(d)).

Here, "in the course of" refers to time and place, and "arising out of," to cause or origin; and an injury by accident to an employee is "in the course of" employ-

ment if it happened while he was doing a duty he was employed to do; and it is an injury "arising out of" employment if caused by a hazard incident to such employment. *Hendrix v. Franklin State Bank,* 154 Tenn. 287, 289-290, 290 S.W. 30; *Mayor and Aldermen of Town of Tullahoma v. Ward,* 173 Tenn. 91, 98-99, 114 S.W.2d 804; *Tapp v. Tapp.* 192 Tenn. 1, 236 S.W.2d 977; *McAdams v. Canale,* 200 Tenn. 655, 294 S.W.2d 696; *White v. Whiteway Pharmacy, Inc.,* 210 Tenn. 449, 455, 360 S.W.2d 12.

■ This Act is remedial and is to be liberally construed in favor of those entitled to its benefits (T.C.A. sec. 50-918), and any reasonable doubt as to whether an injury arose out of and in the course of employment is to be resolved in favor of the employee or his dependents. *Tapp v. Tapp,* supra; *General Accident Fire & Life Assur. Corp., Ltd. v. Kirkland,* 210 Tenn 39, 48, 356 S.W. 2d 283.

■ Also, it is well settled that in such a case the Trial Judge's finding of fact, if supported by any material evidence, will not be disturbed even though the evidence preponderates against it; and that a finding so supported is not open to review by this Court. *Clendening v. London Assurance Co.,* 206 Tenn. 601, 606, 336 S.W.2d 535; *Brady v. Reed,* 186 Tenn. 556, 563, 212 S.W.2d 378; *Vester Gas Range & Mfg. Co. v. Leonard,* 148 Tenn. 665, 257 S.W. 395; *White v. Whiteway Pharmacy, Inc.,* supra.

■ As said above, we think there was material determinative evidence to support the Trial Judge's finding that Steelman's death resulted from an accident arising out and in the course of his employment; and that, under the well-settled rule, we cannot disturb that finding.

We also think the trial court did not err in granting a new trial or rehearing limited to the issues of the amount

of the burial expenses and of whether petitioner was voluntarily living apart from her husband. The effect of this ruling as to the burial expenses was to sustain the third ground of defendants' motion for a new trial, and thus afford them another opportunity to offer proof on that issue.

Nor do we think that the Trial Judge committed prejudicial error against defendants by granting a rehearing upon the issue of whether petitioner was living voluntarily apart from her husband. Petitioner's motion for a new trial challenged the Judge's finding on this issue of fact; and if he was not fully satisfied with that finding, as he apparently was not, it was within his duty to set it aside and grant a rehearing on that issue. *Dykes v. Meighan Const. Co.,* 205 Tenn. 175, 326 S.W.2d 135; *State ex rel. Richardson v. Kenner, et al.,* 172 Tenn. 34, 37-41, 109 S.W.2d 95.

■ These two issues of fact—the amount of the burial expenses and whether petitioner was voluntarily living apart from her husband—were distinct and severable from the issue of liability or whether the case was a compensable one, and it was within the discretion and power of the Trial Judge to grant a rehearing limited alone to these two issues, since he was satisfied upon the other issue. *Perkins v. Brown,* 132 Tenn. 294, 301, 177 S.W. 1158, L.R.A.1915F, 723, Ann.Cas.1917A, 124; *Gaines v. Tenn. Cent. Ry. Co.,* 175 Tenn. 389, 392, 400, 135 S.W.2d 441; 39 Am.Jur., New Trial, sec. 24; Anno., 85 A.L.R2d 9.

As above stated, upon the rehearing, the Trial Judge found that petitioner was not voluntarily living apart from her husband at the time of his death, and was,

therefore, conclusively presumed to be wholly dependent upon him. Defendants challenge this finding of fact.

The only evidence offered on this issue was the testimony of petitioner herself. She said that she and deceased married in 1933 and lived together in Illinois until 1954, when he quit his job at the ice plant there because it was too hard on him, and came to Tennessee to find work; and that she intended to join him here when he could find a job that would enable him to support her and the children.

She said that, in the meantime, she was granted aid by the State of Illinois for her dependent children; and that her remaining there with the children was more or less a matter of economic necessity; that she was dependent upon her husband for support; and that from time to time he sent her sums of money, and about two weeks before his death, he sent her $30.00. She further said that she visited him on occasions in Tennessee and that about a year before his death, he came and stayed with her about a week; and that she intended to come to Tennessee and live with him when he could support her and the children.

■ Learned counsel for defendants point out certain differences between petitioner's testimony on the original hearing and that on the rehearing, and these matters are commented on as affecting her credibility. We think, however, that the Trial Judge could well find that there were no significant discrepancies in her testimony; and, moreover, her credibility was exclusively a matter for the Trial Judge; and that there is material determinative evidence to support his finding that petitioner was not voluntarily living apart from her husband.

Under our Act (T.C.A. sec. 50-1013(a)(1)), a wife is conclusively presumed to be wholly dependent upon her husband, *"unless it be shown* that *she* was *voluntarily* living apart from her husband at the time of his injury."

Thus, this statute recognizes the existence of the husband's legal obligation to support her, and when, through no fault of her own, she is living apart from him, she is entitled to enforce her right of support, and upon his death by accident, to enforce a claim for compensation under the Act. It excludes only the wife who deserts her husband or voluntarily lives apart from him by mutual consent. *Partee v. Memphis Concrete Pipe Co.,* 155 Tenn. 441, 446-447, 295 S.W. 68; *Moody v. T. H. Hays & Sons, Inc.,* 189 Tenn. 666, 671, 227 S.W.2d 20.

A wife who is living apart from her husband, not voluntarily, but by force of economic circumstances, is within the Act so as to be conclusively presumed wholly dependent upon him. While petitioner here was living apart from her husband, she was not doing so voluntarily. *Moody v. T. H. Hayes & Sons, Inc.,* supra.

For these reasons, all of the assignments of error are overruled and the judgment of the trial court is affirmed. The case will be remanded to the Circuit Court of Franklin County for further proceedings not inconsistent with this opinion. The costs of the appeal in error is adjudged against defendants and the sureties on their appeal bond.