Leola Strader, Appellant,

*v.*

United Family Life Insurance Company et al.,
Appellees.

403 S.W.2d 765.

(*Knoxville*, September Term, 1965.)

Opinion filed March 14, 1966.

Petition for Rehearing Denied April 15, 1966.

412

O. W. McKenzie, Dayton, for appellant.

Bruce C. Bishop, Chattanooga, Bishop, Thomas, Leitner, Mann & Milburn, Chattanooga, of counsel, for appellees.

Mr. Justice Chattin delivered the opinion of the Court.

Leola Strader, complainant in the trial court, filed this suit for benefits under the Workmen's Compensation Act. The defendants, United Family Life Insurance Company and its insurance carrier, defended on the ground the suit was barred by the statute of limitations of one year. The Chancellor sustained the plea and dismissed complainant's bill.

Complainant did not file a motion for a new trial, but prayed and was granted an appeal to this Court.

The defendants have filed in this Court a motion to dismiss the appeal on the ground complainant failed to file a motion for a new trial in the trial court.

To meet this motion it is insisted by complainant a motion for a new trial is not required in workmen's compensation actions. It is argued in support of this insistence that such appeals are governed by T.C.A. Sections 27-303 and 27-304; and that this is especially true since the Legislature amended T.C.A. Section 27-303 by Chapter 143 of the Public Acts of 1965, which amended the Section by deleting the first sentence of the Section in its entirety and substituting in lieu thereof the following:

"All cases tried in a court of record without the intervention of a jury, whether in a court of equity or a court of law and whether tried according to the forms of law, jurisdiction to review which is in the Court of Appeals, shall be reviewed upon a simple appeal, as now provided in equity cases. In all such cases no motion for a new trial shall be necessary as a

prerequisite to a review of either the final judgment or any order of the court preliminary thereto, but when the case is tried on oral evidence a bill of exceptions shall be filed and included in the transcript."

The remainder of Section 27-303, which was not deleted, provides:

"In all such cases the hearing of any issue of fact or of law in the appellate court shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the judgment or decree of the trial court, unless the preponderance of the evidence is otherwise."

T.C.A. Section 27-304 extends to the Supreme Court all the provisions of Section 27-303 in all civil cases tried in a court of record, without the intervention of a jury, where the exclusive jurisdiction to review is in the Supreme Court.

T.C.A. Section 50-1018 of our Workmen's Compensation Act provides:

"Any party to the proceedings in the circuit, criminal, or chancery court may, if dissatisfied or aggrieved by the judgment or decree of that court, pray an appeal in the nature of a writ of error to the Supreme Court, where the cause shall be heard and determined in accordance with practice governing other appeals in the nature of a writ of error in civil causes."

Thus, there is an apparent conflict in the Code Sections under consideration. This being true, T.C.A. Section 1-303 applies. That Section provides:

"Conflicts within code.—If provisions of different titles or chapters of the Code appear to contravene

each other, the provisions of each title or chapter shall prevail as to all matters and questions growing out of the subject-matter of that title or chapter."

The matter here under consideration grew out of our Workmen's Compensation Act, T.C.A. Section 50-901 et seq. Thus, an appeal in such cases is by writ of error and not by simple appeal.

■ Moreover, the Supreme Court does not re-weigh evidence or attempt to see where the preponderance lies on appeal in Workmen's Compensation cases, but will affirm even though the preponderance of the evidence is against the trial judge's or chancellor's finding if that finding is supported by material evidence. *Swift & Company v. Howard,* 186 Tenn. 584, 212 S.W.2d 388 (1948); *Atlas Powder Company v. Deister,* 197 Tenn. 491, 274 S.W.2d 364 (1952); *Frady v. Werthan Bag Corporation,* 193 Tenn. 1, 241 S.W.2d 836 (1950); *Harriman Manufacturing Company v. Shadden,* 197 Tenn. 328, 273 S.W.2d 12 (1954); *Shubert v. Steelman,* 214 Tenn. 102, 377 S.W. 2d 940 (1964).

■ Since the enactment of the Workmen's Compensation Act it has been the rule in this State this Court will not consider any assignment of error in a Workmen's Compensation case which was not made a ground for a motion for a new trial and seasonably brought to the attention of the trial judge, *Mashburn v. Ne-Hi Bottling Company,* 191 Tenn. 135, 229 S.W.2d 520, 232 S.W. 2d 11 (1950); *Hyter v. Wheland Company,* 207 Tenn. 127, 338 S.W.2d 571 (1960).

We are of the opinion from what we have hereinabove said, the 1965 amendment to T.C.A. Section 27-303 does not necessitate a change in that rule.

Accordingly, the motion to dismiss the appeal is sustained at the cost of the complainant.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CRESON, JUSTICES, concur.

Opinion on Petition for Rehearing

MR. JUSTICE CHATTIN.

The appellant, Leola Strader, has filed a dignified and earnest petition to rehear.

It is argued that we failed to construe T.C.A. Section 27-303 as amended by the Public Acts of 1965, Chapter 143, T.C.A. Section 27-304 and T.C.A. Section 50-1018 in pari materia.

We held there was an apparent conflict in the Sections and that T.C.A. Section 1-303 applied. We are of the same opinion.

█ If there is no conflict between former laws or statutes and a subsequent law or statute and the earlier and later laws involve the same subject-matter, they will be construed in pari materia. If there is an irreconcilable conflict, the former laws are repealed by implication. *Cheatham County v. Murff*, 176 Tenn. 93, 138 S.W.2d 430 (1940).

Under authority of T.C.A. Section 1-303, there is no irreconcilable conflict between the Sections under consideration.

█ T.C.A. Sections 27-303 and 27-304 are carried under the Code Chapter entitled "Appeals Generally." T.C.A. Section 50-1018 is carried under the Code Chapter entitled "Workmen's Compensation—Benefits."

The Legislature was dealing specifically with the practice to be followed by the Supreme Court in hearing appeals in workmen's compensation cases in enacting T.C.A. Section 50-1018.

In the enactment of T.C.A. Section 27-303, as amended by the 1965 Act, and T.C.A. Section 27-304, the Legislature was dealing generally with the practice to be followed by the Supreme Court in cases heard by a trial judge without the intervention of a jury.

Tennessee Code Annotated is an Act of the General Assembly of 1955. The entire Code is one statute.

A special statute or a special provision of a particular statute controls a general provision in another statute or a general provision in the same statute. *Woodroof v. City of Nashville,* 183 Tenn. 483, 192 S.W.2d 1013 (1946).

It was further said in the Woodroof case:

"Where the mind of the legislature has been turned to the details of a subject and they have acted upon it, a statute treating the subject in a general manner should not be considered as intended to affect the more particular provision."

In the case of *State ex rel. v. Safley,* 172 Tenn. 385, 112 S.W.2d 831 (1938), this Court quoted with approval the following rule of construction:

"Where there are two acts or provisions, one of which is special in particular, and certainly includes the matter in question, and the other general, which, if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an ex-

ception to the general act or provision, especially when such general and special acts or provisions are contemporaneous, as the legislature is not to be presumed to have intended a conflict." *Crane v. Reeder,* 22 Mich. 322.

In the case of *Atlas Power Company v. Leister,* 197 Tenn. 491, 274 S.W.2d 354 (1954), this Court held the specific law applicable to appeals in workmen's compensation cases would apply rather than the general sections, T.C.A. Sections 27-303 and 27-304. See also the case of *Adams v. Patterson,* 201 Tenn. 655, 301 S.W. 2d 362 (1957).

■ That portion of T.C.A. Section 50-1018 quoted in our original opinion is specifically applicable to appeals to this Court in workmen's compensation cases. The appeal in such cases is in the nature of a writ of error and not by simple appeal. A motion for a new trial is required.

■ The enactment of T.C.A. Sections 27-303 and 27-304 did not abolish motions for new trials in cases tried by a trial judge without the intervention of a jury, nor deprive trial courts of the power to grant new trials in such cases. *Ragsdale v. Hill,* 37 Tenn.App. 671, 269 S.W.2d 911 (1954).

The intent of these sections, T.C.A. 27-303 and 27-304, is to permit, as provided in equity cases, a simple appeal in "all cases tried in a court of record without the intervention of a jury," and on such an appeal makes it mandatory upon the court of appeals and the Supreme Court to review all issues of fact or of law de novo upon the record of the trial court; but, unless the court finds

the evidence preponderates against the findings of the trial judge, his judgment or decree stands.

As stated in our original opinion, we are not required to reweigh the evidence in workmen's compensation cases.

For the above reasons, the petition to rehear is denied.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CRESON, JUSTICES, concur.