IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 15, 2001

## LLOYD PAUL HILL v. STATE OF TENNESSEE

**Post-Conviction Appeal from the Criminal Court for Putnam County**
**No. 96-0546     Leon C. Burns, Jr., Judge**

---

### No. M2000-01428-CCA-R3-PC - Filed August 30, 2001

---

On September 25, 1998, the petitioner entered best interest pleas to four counts of child rape. For these offenses he received concurrent sixteen year sentences. According to the announced plea the convictions arising out of Pickett and Overton Counties were set to be served at thirty percent while the Putnam County convictions were at one hundred percent with the potential to be reduced to eighty-five percent. Within the statute of limitations the petitioner filed a post-conviction petition alleging that his plea was not knowingly and voluntarily entered concerning the consequences thereof. Subsequently, the trial court conducted a hearing and later denied the relief sought in the petition. It is from that denial that the petitioner brings the present appeal continuing to maintain that his plea was not knowingly and voluntarily entered. After reviewing the record and applicable caselaw, we find that the sentences imposed are illegal and, therefore, reverse and remand the matter.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded.

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and JOHN EVERETT WILLIAMS, JJ., joined.

Harvey Douglas Thomas, Algood, Tennessee, for appellant. Lloyd Paul Hill.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; Bill Gibson, District Attorney General; and Ben Fann, Assistant District Attorney, for appellee, State of Tennessee.

# OPINION

## Factual Background

As above-noted, the petitioner entered best interest guilty pleas to four counts of child rape involving two victims and arising from three different counties.[1] For these crimes he received four concurrent sixteen year sentences. The announced agreement in court was that his convictions based upon crimes in Pickett and Overton Counties would be served as a Range I offender "at 30 percent." The announcement further provided that the Putnam County sentences were to be served at "100 percent [but could] be reduced to 85 percent by credits under [Tennessee Code Annotated §] 41-21-236."[2] The latter is also reflected in the plea agreement/waiver form which denotes the petitioner's punishment as "sixteen years at 100% with 15% for credits to serve ...." Additionally, our review of the "Sentence Reform Act of 1989" portion of the respective judgments for the Pickett and Overton County offenses shows that both "Standard 30% Range I" and "Child Rapist" were marked. On the judgment forms for the Putnam County offenses, only "Child Rapist" has been marked.

Turning to the post-conviction hearing, the petitioner provided the initial testimony. According to this witness he had believed that his sixteen year sentences out of Putnam County were to be served at "100 percent with a possible fifteen percent reduction." He added that he had believed that he was receiving "the same sentence for 30 percent in Pickett County and Overton County." However, he and his attorney averred that the Department of Corrections had slated all of these sentences to be served at one hundred percent, and the petitioner explained that he had not been "receiving any time for good time." In addition, the petitioner stated that the removal of an Indiana detainer[3] had been another condition of his plea, yet the detainer remained in place at the time of the post-conviction evidentiary hearing. The petitioner averred that the removal of the detainer had been "the clincher" in his decision to accept the plea agreement. Nevertheless, he acknowledged that no mention had been made of this condition in the plea agreement form. He also admitted that when asked by the trial court prior to accepting his plea if anyone had promised him "anything other than this agreement," his reply had been "no, sir." However, he explained that he had believed the dismissal of the detainer warrant to have been part of the agreement and had received assurance, upon asking in open court, that it would be done.

Because the trial court had described the aforementioned percentages for service as a matter "to take up with the Department of Corrections," the testimony of defense attorney Doug Thomas and prosecutor Ben Fann focused on the detainer. In essence, Thomas stated that Fann had assured him that the detainer would be removed, and he had taken Fann at his word. Thomas added that he had advised his client to trust Fann and that this assurance had ultimately resulted in the petitioner's

---

[1] At the time of the plea, four additional child sex offense charges were nollied.

[2] This statute provides a detailed discussion of sentence reduction credits.

[3] A detainer notice was made an exhibit to the record and indicates that Indiana currently has pending matters against the petitioner related to two child molestation charges. The transcript states that these involve either a violation of probation or of parole. Oddly, the detainer notice provides that it went into effect on October 8, 1998. This would have been after the date of the petitioner's plea.

acceptance of the plea. The petitioner's attorney believed that the local district attorney's office could negotiate with the Indiana authorities and secure the removal as aid to a fellow prosecutor in Tennessee. However, though Fann had believed that Indiana would choose to dismiss the detainer warrant because of the length of the petitioner's sentence here in Tennessee, this prosecutor asserted that the he had not promised the removal of the detainer[4]. He acknowledged that he had agreed to contact the appropriate Indiana authorities suggesting the dismissal and had done so. Nevertheless, Indiana did not elect to follow his recommendation. Fann also stated that he had believed that the desire for the dismissal had been connected to the petitioner's hope for a furlough but not related to the plea agreement. In addition, this witness claimed "that any attorney knows that none of us can call some other state and tell them they have to release a hold that they have on somebody for a violation of probation."

At the conclusion of the proof, the trial court denied the petition. In doing so, the trial court did not consider the allegation relative to the service of the petitioner's sentences at one hundred percent without any reduction in time for good time credits. With respect to the detainer issue, the trial court did not find credible the petitioner's testimony that the promised removal thereof was "the clincher" for his accepting the plea. To support this conclusion, the trial court noted "that little reference was made to [the detainer] prior to and very little emphasis was placed on it at the time of the plea." The trial court further averred that if the removal of such had been the key to the agreement, then the petitioner likely would not have proceeded with pleading guilty upon learning in court at the time of the plea that the detainer had not already been removed as he had understood. Beyond this the trial court observed that the petitioner had been facing numerous class A felony charges for which the starting point of sentencing considerations would have been twenty years, yet the petitioner's entire sentence by virtue of this plea was sixteen years.

Subsequently, the trial court filed a order regarding the petition. Therein the trial judge asserted that he had ordered neither the service of the Putnam County sentences at eighty-five percent nor the removal of the detainer. He further observed that the plea form made no mention of the detainer though it did aver that no promises had been made other than those evidenced on the form. The trial court also concluded from the testimony and a letter introduced at the hearing that the discussion of the detainer had related to the possibility of a furlough and not to the plea. Having made these findings, the trial judge concluded that no basis for relief existed and denied the petition.

### Post-Conviction Standard of Review

In analyzing the issues raised, we first note that an individual bringing a post-conviction petition bears the burden of proving the allegations asserted in the petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f). Moreover, the trial court's findings of fact "are conclusive on appeal unless the evidence preponderates against the judgment." Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996); see also Campbell v. State, 904 S.W.2d 594, 596 (Tenn. 1995).

---

[4] Fann contended that comments he had made at the time of the plea seemingly assuring that the detainer would be removed have been misinterpreted.

## Unfulfilled Plea Agreement - Detainer Still in Effect

Within his appeal the petitioner argues that the State has left unfulfilled the agreement it made with the petitioner because the above-referenced detainer remains in place. He, therefore, contends that his due process rights were violated because his plea was not knowingly and voluntarily entered. He further avers that the situation has resulted from prosecutorial misconduct.

In support of his claim, the petitioner quoted[5] the following proposition:

[A] plea of guilty by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their very nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting Brady v. United States, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970)); see also State v. Wilson, 31 S.W.3d 189, 195 (Tenn. 2000). He then asserts that the non-removal of the Indiana detainer constituted an unfulfilled promise.

However, after reviewing the record, we conclude that the evidence does not preponderate against the trial court's rejection of this claim. For example, the plea form does not mention this allegedly critical element of the agreement though it includes such factors as the State's commitment to recommend that the petitioner be placed in a special needs facility. Furthermore, the trial court noted that the agreed upon sentence of sixteen years was, indeed, favorable in comparison to what the petitioner might face on conviction without an agreement. We, therefore, determine that this portion of the petitioner's argument lacks merit.

The same is true regarding the petitioner's allegation of prosecutorial misconduct. Well-settled Tennessee precedent provides that the test to be applied by the appellate court in reviewing allegations of prosecutorial misconduct is "whether such conduct could have affected the verdict to the prejudice of the defendant." State v. Smith, 803 S.W.2d 709, 710 (Tenn. Crim. App. 1990) (citing Judge v. State, 539 S.W.2d 340, 344 (Tenn. Crim. App.1976)). Having determined that the detainer was not a promised portion of the plea, we see no misconduct on the part of the prosecutor nor do we find that the verdict would have been changed if such misconduct had occurred. For example, as above-noted, the trial court concluded that the petitioner would have pled guilty anyway because he had been assured of receiving concurrent sixteen year sentences instead of facing the risk of serving considerably longer time resulting from a sentencing hearing. The evidence does not preponderate against this conclusion; thus, this claim does not merit relief.

---

[5] We caution petitioner's counsel to take greater care in his appellate briefs as he provided no citation to a volume of South Western Reporter for Blankenship and misidentified the case quoted therein as Bradley v. United States.

**Unfulfilled Plea Agreement – Sentences Set to Serve at**
**One Hundred Percent with No Potential Reduction in Time**

The petitioner also asserts that his plea was not knowingly and voluntarily entered and, therefore, his due process rights were violated because his Putnam County sentences have been set to serve at one hundred percent instead of eighty-five percent. He avers that this represents an unfulfilled promise. Additionally, he again alleges prosecutorial misconduct. However, we need not directly address either of these concerns since a related issue not addressed by either of the parties, requires reversal of the petitioner's convictions: all four of his sentences are illegal.[6]

Effective July 1, 1992, Tennessee Code Annotated §39-13-523 stated:

Notwithstanding any other provision of law to the contrary, ... a child rapist ... shall be required to serve the entire sentence imposed by the court undiminished by any sentence reduction credits such person may be eligible for or earn. A ... child rapist shall be permitted to earn any credits for which such person is eligible and such credits may be used for the purpose of increased privileges, reduced security classification, or for any other purpose than the reduction of the sentence imposed by the court.

Tenn. Code Ann. § 39-13-523 (Supp. 1992).

In 1995, however, the Tennessee General Assembly adopted Tennessee Code Annotated Section 40-35-501(h)(2)(i)(1) and (2) which provides:

(i)(1) There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (2). Such person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236, or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

(2) The offenses to which the provisions of subdivision (1) apply are:
(A) Murder in the first degree;
(B) Murder in the second degree;
(C) Especially aggravated kidnapping;
(D) Aggravated kidnapping;
(E) Especially aggravated robbery;
(F) Aggravated rape;
(G) Rape;
(H) Aggravated sexual battery;
(I) Rape of a child; (Emphasis supplied)

---

[6] While the petitioner does not specifically address his Pickett County and Overton County convictions in relation to this issue, an illegal sentence may be noted at anytime. See, e.g., State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987); State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978).

One reading the above might reasonably conclude that even a person convicted of rape of a child committed after July 1, 1995, is eligible for up to 15% reduction credits authorized by § 41-21-236. However, the very next subdivision of § 40-35-501, subdivision (3) provides:

> Nothing in this subsection shall be construed as affecting, amending or altering the provisions of § 39-13-523, which requires child rapists and multiple rapists to serve the entire sentence imposed by the court undiminished by any sentence reduction credits.

Subdivision (3) is a specific subdivision which deals exclusively with child rapists and multiple rapists and it controls over the provisions of subdivisions (1) and (2) which appear to authorize up to 15% reduction credits for a number of offenders including child rapists.[7] See, Strader v. United Family Life Ins. Co., 218 Tenn. 411, 403 S.W.2d 765 (1966); Byrd v. Bradley, 913 S.W.2d 181, 183 (Tenn. App. 1995); Brockner v. Estes, 698 S.W.2d 637 (Tenn. App. 1985); State v. Lowe, 661 S.W.2d 701, 703 (Tenn. Crim. App. 1983); State v. Nelson, 577 S.W.2d 465, 466 (Tenn. Crim. App. 1978). (All holding that where one statute conflicts with another, or where portions of a single statute conflict, the more specific provisions control over the general provisions).

From our review of the indictments, we conclude that each of the four offenses at issue here occurred after July 1, 1992.[8] Furthermore, all four of the petitioner's convictions arise from indictments citing the offense violated as being Tennessee Code Annotated § 39-13-522, the caption of which is "Rape of a Child." See Tenn. Code Ann. § 39-13-522. As above-referenced, our code clearly states that a child rapist is to serve his or her sentence day for day.

With these facts in mind, we turn to the agreement at the time of the plea and the respective judgment forms. As aforementioned, the prosecutor stated and the trial court affirmed that the petitioner's sentences arising out of Pickett and Overton County were to be "at 30 percent." As aforementioned, the "Sentence Reform Act of 1989" portion of these documents has both "Standard 30% Range I" and "Child Rapist" marked.[9] Turning to the Putnam County offenses, the prosecutor recommended and the trial court accepted sentences "at 100 percent" which could "be reduced to 85 percent by credits under [Tennessee Code Annotated §] 41-21-236." The plea agreement form provided relative to the Putnam County cases states that the petitioner's punishment was to be concurrent sentences of "sixteen (16) years at 100% with 15% for credits to serve ...." Although "Child Rapist" alone is indicated on the judgments for these offenses thereby warranting a 100% service of sentence, the transcript of the guilty plea hearing showing the petitioner was to receive up

---

[7] We cannot phathom why the General Assembly included child rape in its list of felonies in subdivision (2) subject to 15% reduction credits, only to exclude in the very next subdivision, child rape from any sentence credits.

[8] The charging instruments reveal that the Pickett County offense allegedly occurred in "the late [s]pring of 1993;" the Overton County offense allegedly occurred "during a period of time from the spring of 1994 to the fall of 1995;" and the Putnam County offenses allegedly occurred "on or about January, 1996" and "on or about April, 1996."

[9] In some instances the record might reflect that such was a clerical error to be corrected under Tennessee Rule of Criminal Procedure 36. However, that clearly is not the situation here as evidenced by the guilty plea submission hearing transcript.

to a fifteen percent reduction controls. <u>See</u>, <u>e.g.</u>, <u>State v. Moore</u>, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991).

These sentences allowing a reduction in the time to be served for child rape are in contravention of statutory law. This Court has previously held that when a recommendation includes an illegal sentence, "on remand the trial court must reject the recommended sentence. At that stage, proceedings on the guilty plea shall be governed by Rule 11(e)(2) or 11(e)(4) of the Tennessee Rules of Criminal Procedure." <u>Dixon v. State</u>, 934 S.W.2d 69, 73 (Tenn. Crim. App.1996).

## <u>Conclusion</u>

For the foregoing reasons we determine that all of the sentences recommended by the State for child rape are illegal. Accordingly, the case is REVERSED AND REMANDED for action consistent with the above-guidelines.

_____
JERRY L. SMITH, JUDGE