# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 2, 2003 Session

## ED NETHERLAND, ET AL. v. BILL HUNTER, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 02C-2313     Walter Kurtz, Judge**

---

### No.  M2002-03094-COA-R9-CV - Filed October 20, 2003

---

In this matter we are asked to determine which statute controls the issue of venue for a claim filed under the Tennessee Consumer Protection Act, the venue provision of that act, Tennessee Code Annotated section 47-18-109, or Tennessee's general venue provision, section 20-4-101 of the Code. The trial court determined that section 47-18-109 controls venue in this action and denied Defendants' Motion to Dismiss for Improper Venue.  We affirm the decision of the trial court.

### Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court
### Affirmed and Remanded

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

James L. Weatherly, Jr. and Joseph T. Howell, Nashville, Tennessee, for the appellants, Bill and Lawson Hunter.

Philip N. Elbert and Gerald D. Neenan, Nashville, Tennessee, for the appellees, Ed and Desiree Netherland.

### OPINION

It must be noted at the outset that the opinion in this matter is specifically limited to the issue of venue based on the relatively simple and uncontested facts in the record.  Plaintiff filed suit for violation of the Tennessee Consumer Protection Act, for fraud, and for misrepresentation.  The action was filed in Circuit Court of Davidson County, with venue in that court based on the venue provision of the Tennessee Consumer Protection Act.  This statute allows for venue "in the county in which such person resides, has such person's principal place of business, conducts, transacts, or has transacted business, or, if the person cannot be found in any of the foregoing locations, in the county in which such person can be found." Tenn.Code Ann. § 47-18-109(2)(2001).

The underlying dispute in this matter arose over construction of a residence in Rutherford County owned by Plaintiffs, Ed and Desiree Netherland, residents of Rutherford County. Defendant, Bill Hunter d/b/a Hunter Construction and d/b/a Bill Hunter and Lawson Hunter Construction, is also a resident of Rutherford County. Defendant Lawson Hunter d/b/a Hunter Construction and d/b/a Bill Hunter and Lawson Hunter Construction is a resident of Davidson County. Defendants filed a Motion to Dismiss for Improper Venue under Tennessee Rule of Civil Procedure 12.02(3) asserting that venue was only proper in Rutherford County under the language of the general venue statute, Tennessee Code Annotated section 20-4-101(b). This general venue statute provides as follows:

> (a) In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found.

> (b) If, however, the plaintiff and defendant both reside in the same county in this state, then such action shall be brought either in the county where the cause of action arose or in the county of their residence.

Tenn.Code Ann. § 20-4-101(a)&(b).

The trial court denied Defendants' Motion to Dismiss, stating in its November 7, 2002 Order:

> Upon Defendants' Motion To Dismiss and the Memoranda and Affidavits of Bill Hunter filed in support of that Motion, upon the Memorandum, Affidavit of Edward H. Netherland and Stipulation filed by Plaintiffs in opposition to that Motion, upon the statements of counsel when Defendants' motion came to be heard by the Court on Friday, November 1, 2002, and upon the entire record in this case, it is hereby ORDERED, ADJUDGED AND DECREED:
> 1. The Court finds that the provisions of T.C.A. § 20-4-101(b) do not supersede the venue options afforded to Plaintiffs in T.C.A. § 47-18-109(a)(2) for cases brought under the Tennessee Consumer Protection Act. Accordingly, venue of this action in Davidson County is proper pursuant to T.C.A. § 47-18-109(a)(2) because Defendant Lawson Hunter resides in Davidson County, has a principal place of business in Davidson County, and conducts, transacts or has transacted business in Davidson County.
> 2. For the foregoing reasons, Defendants' Motion To Dismiss is hereby denied. However, this ruling is without prejudice to Defendants' right to renew their Motion To Dismiss if all of Plaintiffs' claims under the Tennessee Consumer Protection Act herein are dismissed, since venue in this Court is based upon Plaintiffs' claims under the Tennessee Consumer Protection Act.

Interlocutory appeal was granted to Defendants solely on the issue of venue to determine whether the venue provision of the Tennessee Consumer Protection Act found in Tennessee Code Annotated section 47-18-109 or Tennessee's general venue provision in Tennessee Code Annotated section 20-

4-101 controls in this matter. We find that the trial court was correct in its reasoning and in its decision to deny Defendants' Motion to Dismiss, as venue is proper in Davidson County due to Defendant Lawson Hunter's residence in Davidson County.

Case law in Tennessee makes it plain that special statutes control over general statutes.

> Another rule of statutory interpretation is that a special statute or a special provision of a particular statute controls a general provision in another statute or a general provision in the same statute. This rule is learnedly discussed in *State v. Safley, Chairman, et al.*, 172 Tenn. 385, 112 S.W.2d 831.

> As noted in the last-mentioned case the reason and philosophy of the rule is that where the mind of the legislature has been turned to the details of a subject and they have acted upon it, a statute treating the subject in a general manner should not be considered as intended to affect the more particular provision.

*Woodruff v. City of Nashville*, 192 S.W.2d 1013, 1015 (Tenn.1946).

> A special statute or a special provision of a particular statute controls a general provision in another statute or a general provision in the same statute. *Woodroof v. City of Nashville*, 183 Tenn. 483, 192 S.W.2d 1013 (1946).

> It was further said in the *Woodroof* case:

>> "Where the mind of the legislature has been turned to the details of a subject and they have acted upon it, a statute treating the subject in a general manner should not be considered as intended to affect the more particular provision."

> In the case of *State ex rel. v. Safley*, 172 Tenn. 385, 112 S.W.2d 831 (1938), this Court quoted with approval the following rule of construction:

>> Where there are two acts or provisions, one of which is special in particular, and certainly includes the matter in question, and the other general, which, if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act or provision, especially when such general and special acts or provisions are contemporaneous, as the legislature is not be presumed to have intended a conflict. *Crane v. Reeder*, 22 Mich. 322.

> In the case of *Atlas Pow[d]er Company v. Leister*, 197 Tenn. 491, 274 S.W.2d 3[6]4 (1954), this Court held the specific law applicable to appeals in

workmen's compensation cases would apply rather than the general sections, T.C.A. Sections 27--303 and 27--304. See also the case of *Adams v. Patterson*, 201 Tenn. 655, 301 S.W.2d 362 (1957).

*Strader v. United Family Life Ins. Co.*, 403 S.W.2d 765, 768 (Tenn.1966); *see also State v. Nelson*, 577 S.W.2d 465 (Crim.Ct.App.1978); *Helms Jewelry and Gift Shop, Inc. v. Hollis*, No. 85-78-II, 1985 WL 4569 (Tenn.Ct.App.1985).

In enacting the Consumer Protection Act, "the mind of the legislature has been turned to the details of a subject and they have acted upon it." This special venue provision for consumer protection actions is irreconcilable with Tennessee's general venue provision; thus, it must be presumed an exception to the general venue provision.

For the reasons stated, the Order of the trial court entered denying Defendants' Motion to Dismiss for improper venue is affirmed.

_____
WILLIAM B. CAIN, JUDGE