IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 9, 2004 Session


## GREGORY FODNESS v. NEWPORT AND COCKE COUNTY ECONOMIC DEVELOPMENT COMMISSION, INC.


Appeal from the Chancery Court for Cocke County
No. 03-076   Telford E. Forgety, Jr., Chancellor

---

No. E2004-01491-COA-R3-CV - FILED MARCH 16, 2005

---


CHARLES D. SUSANO, JR., concurring in part and dissenting in part.


        I agree with the majority's conclusion that the Commission is not entitled to summary judgment on the record presently before us.  I disagree, however, with the majority's rationale for that conclusion.  Specifically, I disagree with the assertion that the public's access to the Commission's records depends upon whether, in the words of the majority, "[the Commission] is the functional equivalent of a governmental agency."  I believe this concept of "functional equivalen[cy]," as promulgated by the Supreme Court in *Memphis Publ'g Co. v. Cherokee Children & Family Servs., Inc.*, 87 S.W.3d 67, 79 (Tenn. 2002), is not material to the issue now before us.

        Under Tenn. Code Ann. § 10-7-503(d)(1), the records of the Commission – which entity is, without dispute, an "association or nonprofit corporation described in [Tenn. Code Ann.] § 8-44-102(b)(1)(E)(i)" – "*shall be open for inspection* as provided in [Tenn. Code Ann. § 10-7-503(a)]." (Emphasis added).  Since the legislature has *specifically* addressed § 8-44-102(b)(1)(E)(i) entities in subsection (d)(1) of § 10-7-503, I do not understand how a Supreme Court decision regarding the breadth of the general language of subsection (a) of that statute – "all state, county and municipal records" – is implicated by the facts in the instant case.  The specific language controls over the general language. *See Netherland v. Hunter*, 133 S.W.3d 614, 616 (Tenn. Ct. App. 2003) ("Another rule of statutory interpretation is that a special statute or a special provision of a particular statute controls a general provision in another statute or a general provision in the same statute.").


1

I agree with the majority that the last paragraph of subsection (d)(1)[1] applies to the whole of that subsection. This means that the so-called audit exception of subsection (d)(1) – upon which the Commission relies – is applicable to the Commission if it employs one or two employees. In other words, if the Commission is to block public view of its records, it must prove that it does not "employ[] more than two (2) full-time staff members" and otherwise complies with the other provisions of the audit exception. Thus, the number of people employed by the Commission is a material fact and one about which there is a dispute in the record. Therefore, I agree with the majority that summary judgment is not appropriate in this case. I also agree that this case should be remanded for further proceedings; however, I disagree with the majority's view as to what must be resolved upon the remand.

Accordingly, I concur in part and dissent in part.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[1]That subsection provides as follows:

> The provisions of this subsection shall not apply to any association or nonprofit corporation described in § 8-44-102(b)(1)(E)(i), that employs more than two (2) full-time staff members.

2