IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 9, 2009 Session

## THOMAS M. GAUTREAUX v. INTERNAL MEDICINE EDUCATION FOUNDATION, INC.

**Appeal from the Chancery Court for Hamilton County**
**No. 08-0008     Howell N. Peoples, Chancellor**

_____

**No. E2008-01473-COA-R3-CV  - FILED OCTOBER 30, 2009**

_____

CHARLES D. SUSANO, JR., J., dissenting.

I respectfully dissent.  I adhere to the rationale of my dissent in *Fodness v. Newport & Cocke County Economic Dev. Comm'n, Inc.*, E2004-01491-COA-R3-CV, 2005 WL 607964 at *10 (Tenn. Ct. App. E.S., filed March 16, 2005) (Susano, dissenting).  In *Fodness*, I stated the following:

> . . . I disagree with the assertion that the public's access to the Commission's records depends upon whether, in the words of the majority, "[the Commission] is the functional equivalent of a governmental agency."   I believe this concept of "functional equivalen[cy]," as promulgated by the Supreme Court in *Memphis Publ'g Co. v. Cherokee Children & Family Servs., Inc.*, 87 S.W.3d 67, 79 (Tenn. 2002), is not material to the issue now before us.

> Under Tenn. Code Ann. § 10-7-503(d)(1), the records of the Commission – which entity is, without dispute, an "association or nonprofit corporation described in [Tenn. Code Ann.] § 8-44-102(b)(1)(E)(i)" – "*shall be open for inspection* as provided in [Tenn. Code Ann. § 10-7-503(a)]." (Emphasis added).  Since the legislature has *specifically* addressed § 8-44-102(b)(1)(E)(i) entities in subsection (d)(1) of § 10-7-503, I do not understand how a Supreme Court decision regarding the breadth of the general language of subsection (a) of that statute – "all state, county and municipal records" – is implicated by the facts in the instant case.  The specific language controls over the general language.  *See Netherland v. Hunter*, 133 S.W.3d 614, 616 (Tenn. Ct. App. 2003) ("Another rule of statutory interpretation is that a special statute or a special provision of a particular statute controls a general provision in another statute or a general provision in the same statute.").

>I agree with the majority that the last paragraph of subsection (d)(1) applies to the whole of that subsection. This means that the so-called audit exception of subsection (d)(1) – upon which the Commission relies – is applicable to the Commission if it employs one or two employees. In other words, if the Commission is to block public view of its records, it must prove that it does not "employ[] more than two (2) full-time staff members" and otherwise complies with the other provisions of the audit exception.

(Footnote in original omitted.) In the instant case, the majority correctly recognizes that the appellant satisfies the "two (2) full-time staff members" exception and the "§ 501(c)(3)" exception in Tenn. Code Ann. § 10-7-503(d)(1) and (2) respectively. Accordingly, I would hold that the records in question are not subject to public inspection and would reverse the trial court's judgment and enter judgment for the defendant/appellant, Internal Medicine Education Foundation, Inc.

_____
CHARLES D. SUSANO, JR., JUDGE